**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| RONALD ALEXANDER GARCIA DELGADO, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | No. 4:24-cv-00637-ALM |
| EXPERIAN INFORMATION SOLUTIONS, INC., | § § § | |
| Defendant. | § § | |

**DECLARATION OF MARY METHVIN IN SUPPORT OF EXPERIAN INFORMATION SOLUTIONS, INC.'S SECOND MOTION FOR SUMMARY JUDGMENT**

I, Mary Methvin, on oath and under penalty of perjury depose and state as follows:

1.      My name is Mary Methvin.  I am over the age of 18, suffer no legal disability, and am otherwise competent to make this affidavit.

2.      I am a Senior Legal & Compliance Analyst within Litigation Support for Experian Information Solutions, Inc. ("Experian").  I have been employed by Experian since 2002.  I am currently employed in the Experian Litigation Support department.  My responsibilities include constant review of Experian's policies, procedures, and systems as they relate to its consumer credit reporting business and making recommendations to mitigate risks and improve various policies and procedures, as appropriate.

3.      Based upon my experience with Experian, I am familiar with Experian's policies and procedures for the compilation, retention, reinvestigation, and disclosure of consumer credit information.  I am also familiar with Experian's policies and procedures as a consumer reporting agency ("CRA") operating under the Fair Credit Reporting Act ("FCRA"), including the processing of consumer disputes.

4.      The facts set forth herein are based upon my own personal knowledge and upon my review of the records regularly maintained and relied upon by Experian in the conduct of its business affairs.  If called upon to testify, I would and could competently testify thereto.

5.      This declaration is made for use in the above-captioned civil action, and for all other purposes authorized by law.

### Experian's Policies and Procedures

6.      Experian is a CRA as defined in 15 U.S.C. § 1681a(f) of the FCRA.  Experian does not originate or create any credit information.  Rather, Experian stores data supplied by creditors and lenders, also called "furnishers."

7.      To determine which of the millions of credit items contained in Experian's database should be displayed on a particular consumer's credit report, Experian's computer system compares, analyzes, and matches the identification information provided in the request for the credit report (or "inquiry") with the identification information that was reported with and linked to the vast amount of credit items in its database.

8.      Experian utilizes identification information provided by the consumer or subscriber upon inquiry (*e.g.,* name, address, social security number, year of birth), but also considers other identification information that have been reported about a consumer over time (*e.g.,* prior names, nick names, and variations) in an effort to assemble the most complete and accurate information possible.  Sophisticated algorithms analyze this information for similarities. Only after this extensive and complex matching process does Experian's database begin to assemble a consumer report for display.

9.      After credit data is received by Experian but before it is added to a consumer's file, the data is subjected to rigorous manual and automated quality control and statutory

compliance procedures to help ensure that only accurate information is reported. Experian has built automated controls into its computer system to detect possible errors. These controls include checks to ensure that the data does not violate Experian's policies regarding the display of adverse consumer information, data types that Experian does not collect, or any prescriptions of the federal Fair Credit Reporting Act ("FCRA"). Experian and industry standards require data furnishers (those entities who furnish consumer credit information to Experian) to report sufficient identifying information so that Experian can match the information to the correct consumer.

10. Similarly, when deciding during file assembly whether to associate a new piece of credit information with an existing consumer or if a new consumer file should be created, Experian considers not only the identification information associated to the piece of credit data, but also the identification information associated with other consumers that exist within the database. Each time Experian associated information to Plaintiff's credit file during file assembly, it followed all of these policies and procedures.

11. It is critical that Experian's policies and procedures accommodate for changes and variations in items of information over a consumer's lifetime, especially because those changes often occur without any prior notice to Experian. Failure to accommodate for those changes or variances would inhibit Experian's ability to assemble complete credit reports that contain all the information in its database for a particular consumer.

12. A "mixed file," sometimes also referred to as a "merged file," occurs when individual credit files belonging to different consumers inadvertently mix together, often because similarities in identifying information leads Experian's matching algorithm to believe they are the same individual.

**Plaintiff's Mixed File**

13.    The 2017 Bank of America Account:  On or about April 12, 2017, Bank of America began reporting a 2017 account ending in XX0425, reporting it with the name "Ronald Alexander Garcia-Delgado," with an address of 10560 NW 27th Street, Suite 101A, Doral, Florida 33172-5928, and without a Social Security number.  This account was assigned to Personal Identifier Number (PIN) 1113237505.  Bank of America never reported any late payments or other derogatory information associated with this account (Plaintiff claims this is his account).

14.    The 2018 Bank of America Account:  On or about October 27, 2018, Bank of America began reporting a 2018 account ending in XX1537, reporting it with the name "Ronald AlexanderGarcia Diaz," and without a Social Security number.  Because this information overlapped with much of the Personal Identifiable Information (PII) associated with the existing PIN, this account was associated to the same PIN, 1113237505, at this time.  The 2018 Bank of America Account has been reported as a charged-off account since at least April 2022 (Plaintiff claims this account belongs to his son).

15.    The 2019 Bank of America Account:  On or about April 24, 2019, Bank of America began reporting a 2019 account ending in XX8630, reporting it with the name "Ronald Alexander Garcia-Diaz," and without a Social Security number.  Because this information overlapped with much of the PII associated with the existing PIN, 1113237505, this account was also associated with it.  The 2019 Bank of America Account has been reported as a charged-off account since at least April 2022.

16.    The foregoing facts are true and correct.

17.    Further declarant sayeth not.

Dated: November 18, 2025

*/s/ Mary Methvin*
Mary Methvin
Senior Legal & Compliance Analyst
Experian Information Solutions, Inc.
701 Experian Parkway
Allen, Texas 75013

c/o Nicolas Aalberg
JONES DAY
90 South Seventh Street, Suite 4950
Minneapolis, Minnesota 55402
Telephone: +1.612.217.8835
Email: naalberg@jonesday.com