# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| RONALD ALEXANDER GARCIA DELGADO, § § § *Plaintiff,* § v. § § EXPERIAN INFORMATION SOLUTIONS, INC., § § § *Defendant.* § | Civil Action No. 4:24-cv-637 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are the following: Defendant's Motion for Summary Judgment (Dkt. #24); Plaintiff's Motion for Summary Judgment (Partial) (Dkt. #26); Defendant's Second Motion for Summary Judgment (Dkt. #102); and Plaintiff's Motion to Re-Open Discovery (Dkt. #119) (together, the "Motions"). Having considered the Motions and the relevant pleadings, the Court finds that the Motions should be **DENIED**.

## BACKGROUND

This is a Fair Credit Reporting Act ("FCRA") case. On July 11, 2024, Plaintiff Ronald Alexander Garcia Delgado filed suit against Defendant Experian Information Solutions, Inc. (Dkt. #1). The suit stems from the undisputed fact that Defendant mixed Plaintiff's credit file with his son's file—but Defendant denies that this error violated the FCRA (Dkt. #82 at p. 4).

Defendant first moved for summary judgment on April 17, 2025 (Dkt. #24). There, Defendant argues that it employed reasonable procedures, did not cause Plaintiff actual damages, and did not act willfully as a matter of law. A response and reply were filed (Dkt. #31; Dkt. #36). Plaintiff filed a motion for partial summary judgment on the same day (Dkt. #26). Plaintiff argues

that Defendant's reports were patently inaccurate as a matter of law and undisputably caused Plaintiff actual damages (Dkt. #26). After a response and reply were filed, Defendant filed a sur-reply (Dkt. #34; Dkt. #37; Dkt. #39).

On November 19, 2025, Defendant challenged the Court's subject matter jurisdiction through its Second Motion for Summary Judgment ("Defendant's Second Motion for Summary Judgment") (Dkt. #102). Defendant did not seek leave even though the dispositive motions expired, but argues it did not need leave because the Court lacks subject matter jurisdiction. After a response and reply were filed, Plaintiff filed a sur-reply (Dkt. #104; Dkt. #109; Dkt. #126).

On November 21, 2025, the Court stayed the pre-trial conference and trial pending consideration of all motions (Dkt. #103). On December 22, 2025, Plaintiff moved to re-open discovery (Dkt. #119). After a response and reply were filed, Defendant filed a sur-reply (Dkt. #131; Dkt. #136; Dkt. #139). To re-open discovery, Plaintiff relies on the testimony of Defendant's former employee—who Plaintiff recently deposed in a different case. Allegedly, the deposition of the former employee shows that the discovery provided by Defendant (regarding Defendant's sorting of consumer information) has been incomplete, inconsistent, or wholly incorrect. Defendant disagrees and argues that the request to re-open discovery is a deficient Rule 56(d) request for discovery to oppose a motion for summary judgment.

## LEGAL STANDARD

### I. Summary Judgment

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion [for summary judgment]." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. *See Solomon v. Hous. Corrugated Box Co.*, 526 F.2d 389, 396–97 (5th Cir. 1976). Rather, the Court

3

requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## II.   Modification of the Court's Scheduling Order

Federal Rule of Civil Procedure 16(b) governs motions to re-open discovery. It provides: "A schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "The good cause standard requires a showing by the movant that 'the deadlines cannot reasonably be met despite the diligence of the party needing the extension.' " *Olivarez v. T-mobile USA, Inc.*, 997 F.3d 595, 602 (5th Cir. 2021) (quoting *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). "The four factors relevant to a determination of good cause include: '(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.' " *Reeves v. BP Expl. & Prod. Inc.*, No. 1:19-CV-456-LG-RPM, 2021 WL 1111171, at *2 (S.D. Miss. Feb. 24, 2021) (quoting *Batiste v. Lewis*, 976 F.3d 493, 500 (5th Cir. 2020)).

## III.   The Fair Credit Reporting Act

Congress enacted the FCRA in 1970, and provided the following statement of purpose:

> It is the purpose of this subchapter to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this subchapter.

15 U.S.C. 1681(b).

To fulfill that purpose, the FCRA imposes civil liability when a consumer reporting agency or furnisher of information negligently or willfully violates the FCRA's provisions. 15 U.S.C. §§ 1681n, 1681o. The FCRA "is to be liberally construed in favor of the consumer." *Wagner v. TRW, Inc.*, 139 F.3d 898 (5th Cir. 1998) (per curiam) (unpublished) (citing *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995)).

## ANALYSIS

### I. Defendant's Motion for Summary Judgment

After careful review of the record and the arguments, the Court is not convinced that Defendant has met its burden of demonstrating that there is no material issue of fact as to Plaintiff's claims or Defendant's defenses entitling Defendant to judgment as a matter of law.

### II. Plaintiff's Motion for Summary Judgment (Partial)

After careful review of the record and the arguments, the Court is not convinced that Plaintiff has met his burden of demonstrating that there is no material issue of fact as to Plaintiff's claims or Defendant's defenses entitling Plaintiff to judgment as a matter of law.

### III. Defendant's Second Motion for Summary Judgment

After considering the arguments, the Court is unconvinced that it needs to reach the issue of whether 15 U.S.C. § 1681p(2) implicates subject matter jurisdiction. Defendant has failed to show that Plaintiff's claims are time-barred under § 1681p(2), so whether the statute is jurisdictional is of no moment. However, under the circumstances, the Court will grant Defendant's alternative request to add § 1681p(2) to its answer as an affirmative defense.

### A.     Defendant failed to show that Plaintiff's claims are time-barred.

The parties dispute when the relevant "violation" that starts § 1681p(2)'s five-year period "occurs." In full, the FCRA's time-bar provision states the following:

> **15 U.S. Code § 1681p - Jurisdiction of courts; limitation of actions**
> An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of—
>
> (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or
> (2) 5 years after the date on which the violation that is the basis for such liability occurs.

15 U.S.C. § 1681p.

In short, an action must be brought within two years after the plaintiff discovers "the violation that is the basis for . . . liability," unless five years pass after "the violation . . . occurs." *Id.* If five years pass, suit is barred even if "the violation" is not discovered. *Id.* § 1681p(2).

Here, Plaintiff sues under 15 U.S.C. § 1681e(b), which governs the duty applicable to consumer reporting agencies like Defendant when they "prepare[] consumer reports." Defendant argues that its alleged violation of § 1681e(b) occurred when Defendant mixed Plaintiff's "files" in 2018 (Dkt. #102 at p. 28). Plaintiff responds that each inaccurate publication of his consumer reports is a distinct cause of action with its own five-year period (Dkt. #109 at p. 25).

Both arguments have issues. Defendant fails to contend with the distinction between a "file" and a "report." *Compare* 15 U.S.C. § 1681a(g) (providing the definition for "file" when "used in connection with information on any consumer"), *with* 15 U.S.C. § 1681a(d)(1) (providing the definition for "consumer report," which requires a "*communication* of any

6

information . . . bearing on a consumer's credit worthiness" (emphasis added)). If § 1681e(b) was meant to regulate information in a credit file, it would say so, but it refers to consumer reports.

But Plaintiff's argument asks the Court to equate "prepares" with "furnishes." *See* 15 U.S.C. § 1681a(f) (using the phrase "preparing *or* furnishing consumer reports" when defining "consumer reporting agency" (emphasis added)). The statute does not define "prepares" or "furnishes." *See id.* § 1681a (providing defined terms). But if § 1681e(b) was meant to impose liability every time a noncompliant consumer report is furnished to a third party, it would trigger when a consumer agency "furnishes" or "publishes" the reports, instead of when it "prepares" them. In *Doherty v. Experian Info. Sols. Inc*, No. 1:19-CV-02421-RLY-DML, 2021 WL 12311389, at *4 (S.D. Ind. Nov. 30, 2021), the district court concluded that "a consumer report is not prepared every time a report containing the same information is published" because the "word 'prepare' suggests something more active, such as the addition of information." (citation modified).

But Defendant does not argue that it prepared the reports one day and furnished them a different day. Nor does Defendant focus on the meaning of "prepares" at all. Instead, Defendant seems to agree with Plaintiff that publishing a consumer report can be the basis for liability under § 1681e(b) (*See* Dkt. #102 at p. 29 ("While a consumer reporting agency *publishing* a mixed consumer report may in some circumstances be the basis for a 15 U.S.C. § 1681e(b) claim . . . the FCRA's statute of repose is measured . . . from the date of the last culpable act or omission . . . and is not related to the accrual of any cause of action" (citation modified) (emphasis added)).[1] Defendant's main argument is that publication cannot start the clock because it would

---

[1] When discussing the accrual of Plaintiff's cause of action, the parties cite *Hyde v. Hibernia National Bank in Jefferson Parish*, 861 F.2d 446 (5th Cir. 1988), but spend little time addressing the effect of subsequent amendments to 15 U.S.C. § 1681p. The statute no longer starts the clock when "liability arises," *Hyde*, 861 F.2d at 448 (discussing the statute's prior version), but, in pertinent part, the clock starts when "the violation . . . occurs." 15 U.S.C. § 1681p(2).

make § 1681p's "statute of repose inapplicable in, quite literally, every situation possible" (Dkt. #102 at p. 31). But Defendant is wrong. Section 1681p(2) could function as a statute of repose even if the date of publication started the clock because no suit could be brought five years after the publication, regardless of whether the consumer discovered the publication.

Discerning the meaning of "prepares," "furnishes," or "publishes," however, is unnecessary for now. Even if § 1681p(2) is a statute of repose, to be entitled to summary judgment, Defendant had the burden to show that Plaintiff's suit was filed five years after the violation occurred. *See, e.g.*, *Taylor v. Rothstein Kass & Co., PLLC*, No. 3:19-CV-1594-D, 2020 WL 554583, at *10 (N.D. Tex. Feb. 4, 2020) ("A statute of repose provides an absolute affirmative defense, and the defendant bears the burden of proving all factual requisites to the statute's application." (citation modified)); FED. R. CIV. P. 56(a). Because the alleged violation here occurred when Defendant "prepare[d]" Plaintiff's consumer reports, 15 U.S.C. § 1681e(b), and Defendant's arguments relate only to the date it mixed Plaintiff's credit file, Defendant failed to carry its burden.

Defendant's Second Motion for Summary Judgment will therefore be denied.

  **B.  Defendant may assert 15 U.S.C. § 1681p(2) as a defense.**

Defendant, in the alternative, seeks leave to amend its answer to assert § 1681p(2) as a defense (Dkt. #102 at p. 22). Defendant argues that it did not waive the defense because it asserted § 1681p(2) in the parties' joint proposed pretrial order. Plaintiff does not directly respond to that point and did not object to the section of the pretrial order in which Defendant included the five-year bar as a contested issue of law (Dkt. #82 at pp. 2–3, 11).

Plaintiff should have objected to the inclusion of the issue in the same way he objected to other sections of the pretrial order. *In re Network Staffing Servs., Inc.*, No. 02-35608SAF11, 2005 WL 6441381, at *10 (Bankr. N.D. Tex. July 1, 2005) (considering a defense because opposing party

8

"did not object to the consideration of the defense in the pretrial order"). In any event, the Court would not find that Plaintiff is prejudiced in his ability to respond given that the trial setting has been stayed for months. *Giles v. Gen. Elec. Co.*, 245 F.3d 474, 492 (5th Cir. 2001) ("[A] defendant does not waive an affirmative defense if he raised the issue at a pragmatically sufficient time, and the plaintiff was not prejudiced in its ability to respond."); *Vanhoy v. United States*, 514 F.3d 447, 450–51 (5th Cir. 2008) (holding that a defense was raised at pragmatically sufficient time when it was included in a motion in limine and the pretrial order).

Thus, the Court will allow Defendant to assert § 1681p(2) as a defense in its answer.

## IV. Plaintiff's Motion to Re-Open Discovery

Plaintiff argues that the scheduling order should be modified because new testimony reveals that Defendant's discovery responses have been incorrect or incomplete (Dkt. #119). Plaintiff asks the Court to re-open fact discovery for sixty days, re-open expert discovery for sixty-two days after that, and allow supplementation of dispositive motions for 31 days after that (Dkt. #119-6). Ultimately, the Court will not.

To recap, the four factors relevant to a determination of good cause include: "(1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Reeves,* 2021 WL 1111171, at *2 (citation modified).[2]

---

[2] The parties dispute whether the request to re-open discovery should be evaluated under Federal Rule of Civil Procedure 56(d). Defendant relies on *Leza v. City of Laredo*, 496 F. App'x 375, 377 (5th Cir. 2012) (per curiam) (unpublished). But *Leza* did not hold that motions to re-open discovery *must* be analyzed under Rule 56(d). Instead, the Fifth Circuit affirmed the court's refusal to re-open discovery under both Rule 16 (governing modification of scheduling orders) and Rule 56(d) (governing requests for discovery to oppose a motion for summary judgment). *Id.* at 377–78. The Court analyzes the request under Rule 16's good cause standard here.

9

This case was originally set for trial in October 2025 (Dkt. #12). Discovery closed on July 11, 2025 (Dkt. #12). The Court continued trial to January 2026 (Dkt. #58). The parties filed their proposed pretrial order on October 31, 2025 (Dkt. #82). The deposition of the former employee that prompted Plaintiff to file the motion to re-open took place on November 18, 2025 (Dkt. #119 at p. 4). The Court stayed trial on November 21, 2025 (Dkt. #103). The motion to re-open discovery was filed on December 22, 2025 (Dkt. #119).

The parties dispute whether there is any inaccurate or incomplete discovery, and both submit testimony on the issue. The Court will assume that there are discovery deficiencies that prevented Plaintiff from seeking relief earlier, which skews the explanation-for-delay factor in favor of Plaintiff. However, the remaining factors weigh against modifying the scheduling order.

The importance factor weighs against the proposed modification. Plaintiff did not allege that it needed more time for discovery to oppose either of Defendant's motions for summary judgment—and the Court has found both should be denied based on the existing evidence. Further, the Court previously granted Plaintiff leave to file a motion to compel discovery after discovery closed (Dkt. #87), but Plaintiff did not file it because the parties apparently agreed that the former employee's testimony "could be used by Plaintiff's counsel in this litigation" (Dkt. #119 at p. 4). Plaintiff has not explained how the motion to compel is an insufficient remedy compared to re-opening discovery. The Court did not set a time limit on when the motion to compel a Rule 30(b)(1) deposition could be filed (Dkt. #87). Thus, the importance factor weighs against Plaintiff.

The prejudice factor weighs heavily against Plaintiff. Both parties agree that the requested relief would require a new set of dispositive motions. Three motions for summary judgment have been filed already, and the parties have filed a joint pretrial order and motions in limine. This case

is ready for trial. Essentially resetting the case now would require considerable time and resources, so this factor weighs against Plaintiff. And the nature of the prejudice here cannot be cured with a continuance given the extensive time and expense already invested into the case. Accordingly, the continuance factor also weighs against modifying the scheduling order.

In sum, one factor favors relief, and three do not. After a holistic review of all factors, the Court finds no good cause to modify the scheduling order.

As a result, the requested relief will be denied.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion for Summary Judgment (Dkt. #24), Plaintiff's Motion for Summary Judgment (Partial) (Dkt. #26), Defendant's Second Motion for Summary Judgment (Dkt. #102), and Plaintiff's Motion to Re-Open Discovery (Dkt. #119) are hereby **DENIED**.

It is further **ORDERED** that Defendant may amend its answer to assert 15 U.S.C. § 1681p(2) as a defense within **ten days** of this Order.

**IT IS SO ORDERED.**

**SIGNED this 10th day of February, 2026.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE