# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

RONALD ALEXANDER GARCIA
DELGADO,

   *Plaintiff*,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC.,

   *Defendant*.

§
§
§
§
§
§
§
§
§
§
§

Civil Action No. 4:24-cv-637
Judge Mazzant

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Experian Information Solution, Inc.'s Motion to Strike or Limit the Report and Testimony of Plaintiff's Expert Douglas Hollon (the "Motion") (Dkt. #43). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **GRANTED in part** and **DENIED in part**.

## BACKGROUND

This case involves alleged violations of the Fair Credit Reporting Act. Plaintiff Ronald Alexander Garcia Delgado claims that Defendant Experian Information Solutions failed to use reasonable procedures when preparing consumer reports—mixing Plaintiff's information with his son's. Plaintiff hired an expert to help prove his case, and Defendant moved to exclude or limit the expert's testimony (Dkt. #43). The Motion is fully briefed (Dkt. #43; Dkt. #49; Dkt. #52).

## LEGAL STANDARD

Federal Rule of Evidence 702 provides for the admission of expert testimony that assists the trier of fact to understand the evidence or to determine a fact in issue. FED. R. EVID. 702. The Rule was amended in 2023 to provide that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

FED. R. EVID. 702.

The amendment was intended to: "(1) 'clarify and emphasize that expert testimony may not be admitted unless the proponent demonstrates to the court that it is more likely than not that the proffered testimony meets the admissibility requirements set forth in the rule' and (2) 'emphasize that each expert opinion must stay within the bounds of what can be concluded from a reliable application of the expert's basis and methodology.'" *Vega v. Ross Stores Inc.*, No. 4:24-CV-00733-SDJ-BD, 2025 WL 2601538, at *2 (E.D. Tex. Sept. 8, 2025) (quoting FED. R. EVID. 702 advisory committee's note to 2023 amendment).

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court instructed courts to function as gatekeepers when determining whether expert testimony should be presented to the jury. 509 U.S. 579, 590–93 (1993). Courts act as gatekeepers of expert testimony "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kuhmo Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

The party offering the expert's testimony has the burden to prove that: (1) the expert is qualified; (2) the testimony is relevant to an issue in the case; and (3) the testimony is reliable.

2

*Daubert*, 509 U.S. at 590–91. A proffered expert witness is qualified to testify by virtue of his or her "knowledge, skill, experience, training, or education." FED. R. EVID. 702. Moreover, to be admissible, expert testimony must be "not only relevant but reliable." *Daubert*, 509 U.S. at 589. "This gate-keeping obligation applies to all types of expert testimony, not just scientific testimony." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002) (citing *Kuhmo*, 526 U.S. at 147).

However, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596; *see also Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (explaining that, "[a]lthough the Daubert analysis is applied to ensure expert witnesses have employed reliable principles and methods in reaching their conclusions, the test does not judge the expert conclusions themselves"). Although "the district court must act as a gatekeeper to exclude all irrelevant and unreliable expert testimony, 'the rejection of expert testimony is the exception rather than the rule.' " *Puga v. RCX Sols., Inc.*, 922 F.3d 285, 294 (5th Cir. 2019) (quoting FED. R. EVID. 702 advisory committee's note to 2000 amendment). It is "the role of the adversarial system, not the court, to highlight weak evidence." *Primrose Operating Co. v. Nat'l Am. Ins.*, 382 F.3d 546, 562 (5th Cir. 2004). The decision to allow or exclude experts from testifying under *Daubert* is committed to the sound discretion of the district court. *St. Martin v. Mobil Expl. & Producing U.S., Inc.*, 224 F.3d 402, 405 (5th Cir. 2000) (citations omitted).

## ANALYSIS

A few courts have previously considered challenges to Plaintiff's expert, Douglas Hollon ("Hollon"). They reached varying conclusions. *Compare Huizar v. Experian Info. Sols. Inc.*, No. 4:22-CV-85-PPS, 2025 WL 3085049, at *5 (N.D. Ind. Nov. 5, 2025) (excluding Hollon's testimony

3

in part), *and Oatway v. Experian Info. Sols.*, Inc., No. 2:24-CV-00523-LK, 2025 WL 2689029, at *8 (W.D. Wash. Sept. 19, 2025) (same), *and Nelson v. Experian Info. Sols., Inc.*, No. CV 2:23-1634-RMG, 2024 WL 3219180, at *2–4 (D.S.C. June 27, 2024) (same), *with Wright v. HireRight LLC*, No. CV-23-00493-PHX-SMM, 2025 WL 928852, at *4–5 (D. Ariz. Mar. 27, 2025) (denying motion to exclude Hollon's testimony), *and Wellemeyer v. Trans Union, LLC*, No. 3:20-CV-814-DJH-LLK, 2023 WL 11262971, at *3–9 (W.D. Ky. Sept. 22, 2023) (same), *and Panchenko v. Comenity Cap. Bank*, No. 23-CV-04965-EKL, 2025 WL 2372597, at *3–5 (N.D. Cal. Aug. 13, 2025) (denying motion to exclude but requiring some opinions to be rephrased to avoid giving legal conclusions).

Here, Defendant challenges Hollon's testimony on three grounds. First, Defendant challenges Hollon's qualifications. Second, Defendant argues that Hollon's opinions include legal conclusions. And third, Defendant challenges the reliability of Hollon's methods. Each challenge is addressed in turn. In addition, the Court will address violations of its Local Rules.

## I.  Qualifications

Defendant's qualification challenge targets Hollon's ability to testify about Plaintiff's economic and emotional damages.[1] Facing similar arguments, the *Nelson* court excluded Hollon's testimony in part. *Nelson v. Experian Info. Sols., Inc.*, No. CV 2:23-1634-RMG, 2024 WL 3219180, at *3 (D.S.C. June 27, 2024). The court made the following rulings:

> As to Plaintiff's non-emotional damages, the Court excludes Hollon's testimony. Plaintiff can speak to his own damages and Hollon's recitation of Plaintiff's damages is unhelpful. As to Plaintiff's emotional damages, the Court excludes Hollon's testimony as he is not qualified to proffer such opinions. Moreover, his testimony will not assist the fact-finder because Plaintiff may testify about how the alleged credit reporting inaccuracies impacted him physically, emotionally, and

---

[1]  The qualification challenge also focuses on Hollon's background as a former employee of Defendant—casting Hollon as a "disgruntled" employee in the pocket of the plaintiff's bar (Dkt. #43 at pp. 7–8). Such attacks are more suited for closing argument than the Court's Rule 702 analysis.

economically, and about the time and energy he spent to resolve the alleged credit reporting inaccuracies. The Court finds, however, that Hollon is qualified to speak, in general terms and as found relevant at trial, about the sort of damages that are typically caused by errors on credit reports.

*Id.* (citation modified) (internal citations omitted).

The Court will mostly follow *Nelson*'s lead on this point. However, in this case, Plaintiff denies that Hollon offers testimony about the emotional distress Plaintiff allegedly experienced. The Court sees no reason to exclude testimony that Plaintiff does not intend to offer.[2] If Hollon attempts to testify about Plaintiff's emotional distress, the Court will take up any objection at trial.

As to non-economic damages, the Court agrees with the *Nelson* court. Hollon cannot testify about Plaintiff's specific damages or their cause but may testify about the types of types of damages typically caused by errors on credit reports. *Nelson*, 2024 WL 3219180, at *3.

Thus, on the qualification point, the Motion will be granted in part and denied in part.

## II.    Improper Legal Conclusions

Defendant argues that some of Hollon's opinions are improper legal conclusions. Plaintiff responds that Hollon will not use language such as "unreasonable, unreliable, inadequate, negligent, willful" or definitively state that particular conduct violated the FCRA (Dkt. #49 at p. 13). Instead, Plaintiff represents, Hollon will testify about "consumer reporting industry standards," and "how a defendant's conduct or procedures comport with those standards" (Dkt. #49 at p. 14).

Based on Plaintiff's representations, the Court will not exclude Hollon's testimony. If, at trial, Hollon offers legal opinions that contradict Plaintiff's representations to the Court, the Court

---

[2]    The Court recognizess that Hollon's report contains references to Plaintiff's emotional damages (*See* Dkt. #51 at p. 23). But expert reports are not typically admitted at trial, so the Court need not rule on the admissibility of particular lines in the report when the expert's proponent does not intend to offer the opinions in question at trial.

will take appropriate action upon objection. *See Garcia v. Equifax Info. Servs., LLC*, No. 8:22-CV-1987-WFJ-UAM, 2024 WL 1739505, at *2 (M.D. Fla. Apr. 23, 2024) (allowing an expert to testify about whether a defendant's conduct conformed to industry standards and explaining that Court will instruct jury on the correct law if confusion arises at trial).

Therefore, on this point, the Motion will be denied.

### III.    Reliability

Defendant argues that Hollon's opinions are unreliable because he has no methodology and his opinions are full of serious errors. Plaintiff responds that Hollon's method is sufficiently reliable and that any alleged errors would be better explored through cross-examination.

The Court agrees with Plaintiff. It is true that Hollon does not name a specific method. It is also true that the *Nelson* court excluded Hollon's opinions about the reasonableness of the defendant's procedures. *Nelson*, 2024 WL 3219180, at *2. But as the *Garcia* court explained, "where an expert's testimony is 'based on his experience and research in FCRA matters,' the expert's testimony may be reliable even where his method is simply an application of his experience with and understanding of the FCRA and the credit reporting industry to the facts at hand." *Id.* at *4 (citation modified). Here, Hollon's testimony rests primarily on his 19 years of experience, which is permissible. *See id.* at *3 ("If the expert witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." (citation modified)).

Hollon's experience and expertise led him to conclude that alternatives to Defendant's procedures would prevent mixed files, and it is for the jury to decide whether his opinion is credible.

*See Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) (en banc) (explaining that an expert's proponent need not show an expert's opinion is correct to satisfy the reliability element); *Wellemeyer*, 2023 WL 11262971, at *4 ("Determining reliability . . . does not require a court to evaluate the accuracy of an expert's opinion—a task reserved for the jury . . . ."); *Panchenko*, 2025 WL 2372597, at *4 (N.D. Cal. Aug. 13, 2025) ("A jury can decide how much weight to give Hollon's testimony in light of the information he examined or failed to examine in reaching his opinions."); *Huizar*, 2025 WL 3085049, at *5 (holding that Hollon used reliable principles and methods because the "caselaw is clear that when a qualified expert uses their expertise and experience to arrive at an opinion based on an assumed set of relevant facts, that is a reliable methodology").

Although Defendant identifies deficiencies in Hollon's testimony,[3] the Court is unconvinced that exclusion is required. *See Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").[4]

Accordingly, the Motion will be denied on this point.

## IV.     Local Rules

Defendant points out that Plaintiff has violated the Court's local rule on page limits twice, even though Defendant drew Plaintiff's attention to the local rule in prior briefing (See Dkt. #37; Dkt. #49 (exceeding page limits in violation of LOCAL RULE CV-7(a)(1)–(2)).

---

[3]  For example, Defendant questions whether Hollon's proposed "strict" matching method would make consumer reports more accurate, pointing to Federal Trade Commission report which acknowledges that a strict matching procedure risks creating incomplete reports (Dkt. #24 at p. 337). Defendant correctly argues that Hollon fails to adequately rebut this point. But the question before the Court is whether it is more likely than not his testimony is reliable, not whether he will convince a jury that Defendant's procedures were unreasonable.

[4]  Plaintiff represents that Hollon will not offer opinions about Defendant's alleged financial motivates to violate the FCRA. If he deviates from Plaintiff's representation at trial, the Court will take appropriate action upon objection.

7

But the Court will not strike Plaintiff's response for two main reasons. First, Defendant moved to strike Plaintiff's briefing through footnotes in replies and sur-replies, instead of filing a motion (Dkt. #52 at p. 2 n.1 (reply); Dkt. #39 at p. 2 n.1 (sur-reply)). That, itself, is a local rule violation. LOCAL RULE CV-7(a) (providing that motions, except those for alternate relief, must be filed separately and include a separate proposed order).

Second, despite the prejudice Defendant suffered by sticking to the Court's page limits while its opponent did not, the Court is granting Defendant's Motion in part—excluding significant testimony about Plaintiff's economic damages and their cause. Under the circumstances, the harsh remedy of striking the response is unwarranted.

However, the Court warns Plaintiff's counsel, McKenzie Czabaj from the Consumer Justice Law Firm, to heed the Court's Local Rules in any future filings.

## CONCLUSION

It is therefore **ORDERED** that Defendant Experian Information Solution, Inc.'s Motion to Strike or Limit the Report and Testimony of Plaintiff's Expert Douglas Hollon (Dkt. #43) is hereby **GRANTED in part** and **DENIED in part**.

It is further **ORDERED** that:

- Hollon's opinions regarding Plaintiff's alleged economic damages and their cause are **EXCLUDED**.

**IT IS SO ORDERED.**

 **SIGNED** this 10th day of March, 2026.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

8