# United States District Court

### EASTERN DISTRICT OF TEXAS
#### SHERMAN DIVISION

| | | |
|---|---|---|
| RONALD ALEXANDER GARCIA DELGADO, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 4:24-cv-637 |
| | § | Judge Mazzant |
| EXPERIAN INFORMATION SOLUTIONS, INC., | § § | |
| | § | |
| *Defendant.* | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Defendant Experian Information Solutions, Inc.'s Motion to Reconsider Order Denying Experian's First Motion for Summary Judgment (ECF 140) (the "Motion") (Dkt. #150). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **GRANTED** as set forth herein.

## BACKGROUND

This case involves alleged violations of the Fair Credit Reporting Act ("FCRA"). Plaintiff Ronald Alexander Garcia Delgado claims that Defendant Experian Information Solutions failed to use reasonable procedures when preparing consumer reports, and that this failure caused Plaintiff's credit information to be mixed with his son's information. Allegedly, that inaccuracy caused Plaintiff to experience adverse credit decisions. Plaintiff's son is named Ronald Alexander Garcia Diaz ("Diaz"), and Diaz had no Social Security number prior to this litigation.

On February 10, 2026, the Court denied, in relevant part, Defendant's First Motion for Summary Judgment (Dkt. #140). In doing so, it held that genuine issues of material fact precluded summary judgment. Now, Defendant asks the Court to reconsider that denial (Dkt. #150).

Specifically, Defendant asks the Court to find that no genuine issue of material fact exists regarding Defendant's willful violation of the FCRA.

The Motion is fully briefed (Dkt. #150; Dkt. #154; Dkt. #156; Dkt. #157). Trial is set for July 6, 2026 (Dkt. #155). The Motion is now ripe for adjudication.

## LEGAL STANDARD

Because this is a motion seeking to reconsider an interlocutory order, the Court considers Federal Rule of Civil Procedure 54(b). Under that rule, "in a case involving multiple claims or parties, 'any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.'" *Blundell v. Home Quality Care Home Health Care, Inc.*, No. 3:17-cv-1990-L-BN, 2018 WL 276154, at *4 (N.D. Tex. Jan. 3, 2018) (quoting FED. R. CIV. P. 54(b)). "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Austin v. Kroger Tex. L.P.*, 864 F.3d 326, 336 (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994)).

## ANALYSIS

After considering the arguments, the Court finds it warranted to reconsider its decision regarding Defendant's willful violation of the FCRA. Accordingly, the Motion will be granted.

Defendant's Motion directs the Court to *Ramirez v. Experian Info. Sols., Inc.*, No. 4:25-CV-00443-P, 2026 WL 833868, at *1 (N.D. Tex. Mar. 26, 2026), a case issued after the Court denied

2

Defendant's First Motion for Summary Judgment in this case. *Ramirez* shares factual similarities with the case at hand. The critical inaccuracy in *Ramirez* was that Defendant erroneously reported an account belonging to the plaintiff's father as belonging to the plaintiff. *Id.* at *2. Both father and son "often use[d] identical names, first, middle, and last, when applying for credit." *Id.* The son's name was Victor Manuel Ramirez Najera, and he would often drop his second last name, Najera. *Id.* He did not use a generational identifier like "Jr." when applying for credit. *Id.* Both father and son used the same address, and the plaintiff's father lacked a social security number. *Id.* The plaintiff alleged that he suffered credit denials as a result of the mixed information and sought to recover under 15 U.S.C. § 1681e(b). Defendant moved for summary judgment, alleging that it did not negligently or willfully violate the FCRA as a matter of law. *Id.* at *3.

The Northern District of Texas agreed. *Id.* at *4–6. To reach that conclusion, it first provided the relevant standard for willfulness, citing *Safeco Insurance Company of America v. Burr*, 551 U.S. 47, 69 (2007). *Id.* at *4. In *Safeco*, the Supreme Court explained that "a company subject to [the] FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Safeco*, 551 U.S. at 69. The *Ramirez* court also cited a case where the Fifth Circuit held that a "knowing[]" and intentional[]" act "in conscious disregard of [a consumer's] rights" is required for a willful violation. *Cousin v. Trans Union Corp.*, 246 F.3d 359, 374 (5th Cir. 2001).

Then, the *Ramirez* court addressed the plaintiff's arguments that a genuine issue of material fact precluded summary judgment on a willful violation. *Id.* at *4. The plaintiff first argued that Defendant's failure to require a Social Security number or date of birth to match credit information

3

amounted to a willful misrepresentation or concealment. *Id.* The *Ramirez* court disagreed because the plaintiff presented no evidence that Defendant "purposely exclude[ed] or ignore[ed] his Social Security number to match the accounts," or any other evidence pointing to willfulness as opposed to mere carelessness. *Id. Ramirez* also reasoned that the "Fifth Circuit has not held that failing to require a Social Security number as identifying information to match credit accounts amounts to be a willful violation." *Id.* The plaintiff's first argument therefore failed. *Id.*

The plaintiff's second argument relied on, *inter alia*, a 1991 Consent Order involving Defendant's predecessor which faced mixed-file problems. *Id.* Defendant's knowledge of the mixed-filed problem, the plaintiff argued, rendered any future mixed files a knowing violation. *Id.* The *Ramirez* court disagreed because Defendant presented evidence that it updated its procedures in 2008 and 2018. *Id.* Thus, in the court's view, events in the 1990s dealing with outdated procedures could not raise a genuine issue of material fact about whether Defendant's existing procedures willfully violated the FCRA. *Id.* Thus, the second argument was unavailing, and the *Ramirez* court granted summary judgment for Defendant on the issue of willfulness. *Id.* at *5.

The Court is persuaded to do the same here. There is no evidence that Defendant "knowingly and intentionally" acted in "conscious disregard of [Plaintiff]'s rights," *Cousin*, 246 F.3d at 374, or purposefully excluded or ignored information in order to mix the files. Defendant's flexible matching procedures create a risk of inaccuracies, but "allow changes and variations in items of information over a consumer's lifetime" to prevent incomplete or fragmented consumer files. *Ramirez*, 2026 WL 833868, at *1 (citation modified). The Federal Trade Commission has previously acknowledged that stricter matching procedures may increase accuracy but also cause "a decrease in the completeness of consumer reports and in the [consumer reporting agency]'s

4

flexibility and efficiency in matching files" (Dkt. #24-1 at p. 337). Like the court in *Ramirez*, this Court will hold that Defendant's decision to balance the need for accuracy and the need for complete consumer information does not support a finding of a "willful misrepresentation[] or concealment[]." *Id.* at *4. Even assuming Defendant's policy was careless, that is insufficient to raise a fact issue. *Id.*; *Safeco*, 551 U.S. at 69 (holding that willfulness requires showing "that the company ran a risk of violating the law substantially greater than the risk associated with a reading [of the law] that was merely careless."). Nor can Defendant's policies in the 1990s demonstrate that its existing, updated policies create a substantially greater risk of violating the FCRA than mere carelessness. *Ramirez*, 2026 WL 833868, at *4.

Plaintiff's arguments to the contrary are unpersuasive. Plaintiff focuses on the fact that *Ramirez* is not binding and that Defendant cited out-of-circuit district courts reaching similar conclusions as *Ramirez* in its First Motion for Summary Judgment. Plaintiff's arguments do not distinguish the facts of *Ramirez* when it comes to willfulness, and his arguments do not provide a basis to hold that *Ramirez* erroneously granted summary judgment regarding willfulness. The Court agrees that *Ramirez* is not binding and that the First Motion for Summary Judgment cited out-of-circuit decisions reaching similar conclusions as *Ramirez*. Yet the Court has the discretion to reconsider its order for any reason it deems sufficient—even in the absence of a change in the substantive law. *Lavespere*, 910 F.2d at 185. Here, the Court finds the wisdom of a fellow Texas district court in a similar case against the same Defendant based on the same policies sufficient to warrant reconsideration on the issue of willfulness.

Because there is no evidence that Defendant engaged in a knowing or intentional violation of the FCRA, or any other state of mind evidence demonstrating Defendant's awareness of a

substantially higher risk of violating the FCRA than mere carelessness, the Court will grant summary judgment on Plaintiff's willful violation claims. Only the negligent violation claim remains for trial.[1]

## CONCLUSION

It is therefore **ORDERED** that Defendant Experian Information Solutions, Inc.'s Motion to Reconsider Order Denying Experian's First Motion for Summary Judgment (ECF 140) (Dkt. #150) is hereby **GRANTED** as set forth herein.

It is further **ORDERED** that Plaintiff's claim against Defendant for willful violation of 18 U.S.C. § 1681e(b) is hereby **DISMISSED**.

**IT IS SO ORDERED.**

 **SIGNED this 27th day of May, 2026.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[1] In a footnote, Defendant posits that the Court "has grounds" to reconsider its denial of summary judgment on the negligent violation claim (Dkt. #150 at p. 8 n.7). Defendant's Motion does not affirmatively ask the Court to reconsider that decision, and the proposed order provides language granting summary judgment only as to a willful violation (Dkt. #150-9). The footnote argues that the Court should avoid creating a split among the Texas district courts—an argument premised on the fact that *Ramirez* granted summary judgment for Defendant on both willfulness and negligence. But *Ramirez* explained that "[w]hile reasonableness is normally a question for the jury, the Fifth Circuit has not *precluded* district courts from determining whether procedures in the credit reporting context are reasonable." *Ramirez*, 2026 WL 833868, at *5 (emphasis added). This Court fully concurs. It is not precluded from evaluating reasonableness as a matter of law, but it has already found that sufficient facts warrant letting a jury decide the negligent violation issue in this case. To the extent Defendant does move for reconsideration of that decision, the request is denied based on the arguments presented in the briefs.

6