# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| RONALD ALEXANDER GARCIA DELGADO, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 4:24-cv-637 |
| | § | Judge Mazzant |
| EXPERIAN INFORMATION SOLUTIONS, INC., | § § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Ronald Alexander Garcia Delgado's Second Motion for Summary Judgment Against Defendant Experian Information Solutions, Inc. (Dkt. #159) (the "Motion"). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **GRANTED**.

## BACKGROUND

This case involves alleged violations of the Fair Credit Reporting Act ("FCRA"). Plaintiff Ronald Alexander Garcia Delgado claims that Defendant Experian Information Solutions failed to use reasonable procedures when preparing consumer reports, and that this failure caused Plaintiff's credit information to be mixed with his son's information. Allegedly, that inaccuracy caused Plaintiff to experience adverse credit decisions when the reports were published.

The pertinent procedural background is as follows. On February 10, 2026, the Court denied Defendant's Second Motion for Summary Judgment (Dkt. #140). In doing so, the Court held that Defendant did not carry its burden to conclusively establish that Plaintiff's claims are time-barred under 15 U.S.C. § 1681p(2) (Dkt. #140 at p. 8). The Court, however, allowed Defendant to amend

its answer to assert § 1681p(2) as a defense (Dkt. #140 at p. 9). Plaintiff now moves for summary judgment on that defense (Dkt. #159). He argues that Defendant's § 1681p(2) defense fails as a matter of law because Defendant prepared the consumer reports at issue within five years of when Plaintiff filed suit. Defendant filed a response (Dkt. #172). Defendant reasserts the view, which the Court has already rejected, that the five-year period under § 1681p(2) began to run when Defendant internally mixed Plaintiff's information with his son's. After expressing dissatisfaction with the February 10 Order, Defendant does not ask the Court to reconsider or to issue any other relief related to that order. Instead, Defendant moves on to argue that when 15 U.S.C. § 1681p(2) begins to run is a fact issue for the jury. Plaintiff filed a notice of non-reply and Defendant filed a sur-reply.

The Motion is now ripe for adjudication.

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion [for summary judgment]." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or

declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000).

Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating that there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. *See Solomon v. Hou. Corrugated Box Co.*, 526 F.2d 389, 396–97 (5th Cir. 1976). Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (citation modified). The Court must consider all of the evidence but "refrain from making credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)).

## ANALYSIS

There is no evidence that Defendant "prepare[d]" Plaintiff's consumer reports five years before Plaintiff filed suit. 15 U.S.C. §§ 1681e, 1681p(2). The Motion will therefore be granted.

The FCRA's time-bar provision states that:

> An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of—
>
> (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or
> (2) 5 years after the date on which the violation that is the basis for such liability occurs.

15. U.S.C. § 1681p.

Because Plaintiff filed this action on July 11, 2024, Defendant's defense succeeds only if the "violation that is the basis for" Plaintiff's claim "occur[red]" before July 11, 2019 (five years before he filed suit). *Id.* § 1681p(2). Here, Plaintiff seeks relief under § 1681e(b), which provides as follows:

> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

15 U.S.C. § 1681e(b).

Accordingly, the "violation that is the basis for" Plaintiff's claim "occur[red]" when Defendant "prepare[d] a consumer report" without following "reasonable procedures to assure maximum possible accuracy." *Id.* §§ 1681e(b), 1681p(2). That is when the five-year period started.

Defendant argues that because § 1681p(2) is a statute of repose, the clock started on the "date of the . . . last culpable act" (Dkt. #172 at p. 5 (citation modified)). According to Defendant,

4

the "last culpable act" occurred when Defendant mixed Plaintiff's file with his son's file in 2018 and 2019 (Dkt. #172 at p. 9; Dkt. #148 at p. 3).

In support, Defendant relies on *CTS Corp. v. Waldburger*, 573 U.S. 1, 8 (2014). There, the Supreme Court explained that a statute of repose "bars any suit that is brought after a specified time since the defendant acted (such as by designing or manufacturing a product), even if this period ends before the plaintiff has suffered a resulting injury." *Id.* (citation modified). That "limit is measured not from the date on which the claim accrues but instead from the date of the last culpable act or omission of the defendant." *Id.*

Here, however, what constitutes a "culpable act or omission" is set forth by statute. 15 U.S.C. § 1681e(b) makes the culpable act or omission the failure to use reasonable procedures when "prepare[ing] a consumer report." The FCRA distinguishes between a "consumer report" and a consumer "file." *Id.* §§ 1681a(d)(1), (g). The relevant statute does not render an internal error regarding a consumer's "file" a culpable act, so Defendant's argument is unavailing. Nothing in *CTS* suggests that a non-culpable act or omission (an internal file mix) can start a repose period.[1]

With that in mind, the Court turns to whether a genuine issue of material fact exists regarding the date that Defendant "prepare[d]" Plaintiff's consumer reports. It does not. There is no evidence that could allow a jury to find that Defendant prepared consumer reports five years

---

[1] The Court finds that Defendant's non-binding authorities are unpersuasive. *Cano* did not deal with a violation of § 1681e(b), so the issue of when a consumer report is "prepare[d]" was not before the court. *See Cano v. State Farm Mut. Auto. Ins. Co.*, 425 F. Supp. 3d 779, 791–92 (W.D. Tex. 2019). The same goes for *McWhorter v. TransUnion, LLC*, No. 1:21-CV-01753-SDG-LTW, 2021 WL 8268164, at *5–6 (N.D. Ga. Aug. 16, 2021), *report and recommendation adopted*, No. 1:21-CV-01753-SDG-LTW, 2021 WL 8268217 (N.D. Ga. Nov. 29, 2021). And *Polk* dealt with a plaintiff who had "discovered the disputed entry" in 2011 before filing suit in 2017, so his claim failed under § 1681p(1)'s two-year time-bar, not § 1681p(2). *Polk v. CitiMortgage, Inc.*, No. 3:17CV00077-HTW-LRA, 2018 WL 10408903, at *4 (S.D. Miss. Feb. 15, 2018).

before Plaintiff filed suit. Rather, under any reasonable definition of the word "prepares," the culpable act occurred in 2024, the same year that Plaintiff filed suit.

The summary judgment evidence shows that Defendant stores consumer credit information in a database that consists of different tables containing different categories of data (Dkt. #159-2 at p. 22). Defendant does not "store the credit information . . . in assembled or 'completed' credit reports" (Dkt. #159-3 at p. 11). Instead, when Defendant receives a request from a third party, Defendant "compile[s] that information into a report about that consumer" (Dkt. #159-2). Thus, under Defendant's system, a consumer report does not exist until a third party requests one (Dkt. #159-2 at p. 22).

While "prepares" is undefined in the FCRA, the Court concludes that the process of verifying consumer information and compiling it in a consumer report satisfies any reasonable definition of the term. It is only after Defendant receives a request from a third party that Defendant "make[s] ready" a consumer report for the "specific purpose" of furnishing it to that third party, or, put another way, after receiving a request, Defendant "put[s] together" the consumer report "by combining various elements or ingredients." *Prepare*, THE AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE, https://www.ahdictionary.com/word/search.html?q=prepares (last visited June 16, 2026). Here, Defendant does not dispute that third parties requested the consumer reports at issue in 2024 (Dkt. #159 at p. 6; Dkt. #172 at p. 6). Defendant prepared the consumer reports at issue after receiving the relevant requests, so Plaintiff's claim, filed in 2024, is timely.

The FCRA's definition of "consumer report" bolsters the Court's conclusion.  A "consumer report" is, in pertinent part, "any written, oral, or other *communication* . . . bearing on a consumer's credit." 15 U.S.C. § 1681a(d)(1) (emphasis added). The Court is not convinced that

6

merely storing information in an internal database constitutes the preparation of a communication. And if an internal mix of information in a file was meant to be the relevant "violation that is the basis" for liability, 15 U.S.C. § 1681e(b) would regulate consumer files, rather than "consumer reports." The Court concludes that Defendant did not "prepare[]" the consumer reports at issue until they were requested in 2024—the same year Plaintiff filed suit.

The Court's prior observation in its February 10 Order that "prepares" and "furnishes" are distinct statutory terms, *see id.* § 1681a(f) (using the phrase "preparing or furnishing" when defining a consumer reporting agency), does not compel a different result. The Court does not hold that these terms are synonymous. As a practical matter, the act of preparing and furnishing a consumer report may occur simultaneously under Defendant's system because Defendant does not store preassembled consumer reports and instead creates and furnishes the reports once they are requested (Dkt. #159 at p. 13). But in ancient times (the 1980s), it was possible for a consumer report to be prepared one day and furnished on a different day. *See Clay v. Equifax, Inc.*, 762 F.2d 952, 959 (11th Cir. 1985) ("[W]e note that section 1681e(b) requires that consumer reporting agencies maintain reasonable compliance procedures when *preparing* reports. In 1981 Equifax prepared no new reports on Clay; it merely mailed copies of previously prepared reports. The 1981 mailing, therefore, could not be a violation of section 1681e(b)."). Here, there is no evidence that Defendant previously prepared consumer reports in 2018; the consumer reports at issue came into existence only after third parties requested information in 2024.

Defendant claims that Plaintiff is asking the Court to equate prepares and furnishes in disregard of the Court's February 10 Order, which distinguished these terms (Dkt. #172 at p. 5). But the fact that modern technology may render the *timing* of when a consumer report is prepared

the same as when the report is furnished does not mean that Plaintiff seeks to collapse the *meaning* of "preparing" and "furnishing" a consumer report.[2] This argument therefore fails.

In sum, there is no evidence that Defendant prepared the consumer reports at issue five years before Plaintiff filed suit in 2024. Summary judgment will therefore be granted.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff Ronald Alexander Garcia Delgado's Second Motion for Summary Judgment Against Defendant Experian Information Solutions, Inc. (Dkt. #159) is hereby **GRANTED**.

It is further **ORDERED** that Defendant's 15 U.S.C. § 1681p(2) defense is hereby **DISMISSED**.

It is further **ORDERED** that Plaintiff's Motion for Leave to File Motion in Limine Re Statute of Repose (Dkt. #179) and Plaintiff's Motion in Limine re Statute of Repose (Dkt. #180) are hereby **DENIED as moot**.

---

[2] However, in the interests of accuracy and fairness, the Court will clarify a part of its February 10 Order that, in Defendant's view, Plaintiff "vehemently disagrees with" (Dkt. #172 at p. 5). In the February 10 Order, the Court stated that "if § 1681e(b) was meant to impose liability every time a noncompliant consumer report is furnished to a third party, it would trigger when a consumer agency 'furnishes' or 'publishes' the reports, instead of when it 'prepares' them" (Dkt. #140 at p. 7); *Delgado v. Experian Info. Sols., Inc.*, No. 4:24-CV-637, 2026 WL 369917, at *3 (E.D. Tex. Feb. 10, 2026); *Delgado v. Experian Info. Sols., Inc.*, No. 4:24-cv-637, 2026 U.S. Dist. LEXIS 27181, at *9 (E.D. Tex. Feb. 10, 2026). Through that statement, the Court was not declaring that an inaccurate consumer report that is *never published* can give rise to liability. After all, a plaintiff that cannot show publication generally does not have standing to bring suit under § 1681e(b). *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 434 (2021) ("The mere presence of an inaccuracy in an internal credit file, if it is not disclosed to a third party, causes no concrete harm."). Instead, the Court was rejecting the notion that publishing or furnishing a consumer report is the same thing as preparing a consumer report for purposes of determining when the relevant "violation" occurs, because the FCRA does not treat these terms interchangeably. *See* 15 U.S.C. § 1681a(f) (using the phrase "preparing *or* furnishing consumer reports" (emphasis added)). Because the "violation that is the basis" for liability under § 1681e(b) "occurs" when a consumer reporting agency "prepares" a consumer report without using reasonable procedures, *see id.* §§ 1681p(2), 1681e(b), and Defendant did not conclusively establish when the reports were prepared, it was unnecessary to decide any other issue in the February 10 Order.

**IT IS SO ORDERED.**

**SIGNED this 23rd day of June, 2026.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE