# EXHIBIT F

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| RONALD ALEXANDER GARCIA DELGADO,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>　　　　　　　　Defendant. | **Civil Action No.:** 4:24-cv-00637 |

**DECLARATION OF MICHAEL YANCEY III**

I, Michael Yancey III, declare as follows:

1.　　I am an attorney employed by Consumer Justice Law Firm, PLC ("CJL") as a Managing Attorney. I am CJL's legal drafting manager and law clerk supervisor. I have personal knowledge of the matters stated herein and, if called to testify, could competently testify to these matters.

2.　　I represent Plaintiff under the same retainer agreement that I utilize with all clients I represent with claims under the FCRA. This retainer allows consumers such as Plaintiff to bring such claims at little to no financial cost and shifts the entire financial burden onto myself and my firm. This structure is made possible by the fee-shifting nature of the FCRA.

3.　　I have been a licensed attorney since 2021, and am currently admitted to practice in the states of Arizona, Colorado, Iowa, Nebraska, Nevada, North Dakota, and Texas.

4.　　I am admitted to practice before the United States District Courts for the District of Arizona, Northern District of Iowa, Eastern District of Michigan, District of North Dakota, District

1

of Nevada, Northern District of Texas, Southern District of Texas, Western District of Texas, as well as the United States Ninth Circuit Court of Appeals. My practice is primarily devoted to litigation in the federal courts.

5.      My practice is concentrated in federal consumer-protection litigation, including claims arising under the Fair Credit Reporting Act ("FCRA"). Since beginning work in this field in 2019 as a law clerk, I have participated in federal consumer cases at every material stage of litigation, including pre-suit investigation, pleading, written discovery, depositions, dispositive motions, trial, settlement, appeals, and post-judgment fee proceedings.

6.      I regularly research, draft, revise, and supervise briefing concerning motions to dismiss, motions for summary judgment, discovery disputes, protective orders, sanctions, evidentiary issues, attorneys' fees, and appellate matters. This work frequently requires the analysis of substantial factual records, deposition testimony, technical credit-reporting evidence, and complex questions of federal statutory and procedural law.

7.      As CJL's legal drafting manager, I am responsible for overseeing the quality and substance of the firm's significant written advocacy. I supervise a team of licensed attorneys who prepare dispositive-motion briefing, discovery motions, fee petitions, appellate briefs, and other contested filings. My responsibilities include evaluating factual and legal records, determining the strongest available arguments, assigning and supervising drafting work, reviewing and substantially revising drafts, and ensuring that the final filing is accurate, supported by the record, and consistent with controlling authority.

8.      I also supervise CJL's law clerk department, which generally consists of between six and twelve law students and future attorneys. I train and supervise those clerks in federal civil procedure, consumer-protection law, legal research, record analysis, written discovery, citation

2

practice, and persuasive legal writing. I regularly conduct training sessions, provide individualized feedback, and review their substantive work before it is used in active litigation.

9.     In addition to supervising individual matters, I develop and implement firmwide procedures for legal research, factual investigation, motion preparation, record review, and legal drafting. I have created standardized workflows and training materials designed to improve the accuracy, efficiency, and quality of the firm's federal litigation practice.

10.     My work requires specialized familiarity with the FCRA's statutory framework, the standards governing consumer-reporting agencies and furnishers, the investigation and disclosure obligations imposed by the statute, and the developing federal case law addressing those subjects. It also requires substantial knowledge of federal jurisdiction, pleading standards, discovery practice, summary-judgment procedure, evidentiary rules, fee-shifting principles, and appellate preservation.

11.     My litigation experience is not limited to consumer-protection statutes. I have also handled complex federal civil-rights matters involving claims under 42 U.S.C. § 1983, the First Amendment, the Americans with Disabilities Act, and related constitutional and statutory protections, in addition to state court claims involving medical malpractice and catastrophic injury. Those matters have included claims arising from governmental retaliation, restrictions on protected speech, prisoner neglect, disability discrimination and failures to accommodate, excessive force, and wrongful death.

12.     Civil-rights litigation frequently presents issues that extend beyond the elements of the underlying claim, including municipal and supervisory liability, qualified immunity, sovereign immunity, causation, constitutional injury, governmental privileges, public-record issues, and the availability and measure of damages. My work in these cases has required me to analyze those

3

issues, develop the factual record through discovery, prepare and defend dispositive-motion briefing, address evidentiary disputes, and preserve issues for trial and appeal.

13.    I have experience developing cases for presentation to a jury. That work includes identifying the facts and themes most likely to assist the factfinder, preparing witnesses and deposition designations, organizing documentary and demonstrative evidence, drafting and responding to motions in limine, researching evidentiary issues, preparing proposed jury instructions and verdict forms, and assisting with the presentation of complex factual and legal issues in a form understandable to lay jurors.

14.    My jury-trial work has also required the exercise of judgment concerning witness sequencing, impeachment materials, evidentiary foundations, objections, damages evidence, and the relationship between the evidentiary record and the elements the jury will ultimately be instructed to decide. These responsibilities require a command not only of the governing substantive law, but also of the Federal Rules of Evidence, trial procedure, and the practical demands of courtroom advocacy.

15.    I have served as trial counsel in multiple jury trials and participated in the preparation and presentation of cases for jury trial. Through that work, I have developed practical experience evaluating how legal arguments, documentary evidence, and witness testimony will be received by a court and jury. That trial perspective informs my written advocacy because it requires me to assess the record not merely as a collection of documents, but as evidence that must ultimately establish each element of a claim or defense.

16.    Because CJL litigates consumer-protection cases throughout the United States, I routinely analyze and apply the law of multiple federal circuits and districts. My admission to

4

practice in seven states likewise requires me to remain familiar with differing procedural rules, local practices, and professional obligations across multiple jurisdictions.

17.    I have served on the State Bar of Arizona's Committee on Rules of Civil Procedure. That service has required careful consideration of procedural rules, decisional authority, and the practical administration of civil litigation.

18.    I have served on the State Bar of Arizona's Committee on Civil Jury Instructions. That service helped develop my understanding of how courts translate substantive legal standards into instructions that jurors can accurately apply, and required close analysis of statutes, decisional authority, evidentiary burdens, and the precise formulation of the elements and defenses governing civil claims.

19.    In 2023, the United States District Court for the District of Arizona entered an award setting my billable rate at $275/hour for work completed in 2021 and 2022. *See Gross v. CitiMortgage Inc.*, No. CV-18-02103-PHX-ROS, 2023 U.S. Dist. LEXIS 139966, at *6-7 (D. Ariz. Aug. 10, 2023).

20.    In 2026, the United States District Court for the District of Maryland entered an award setting my billable rate at $500/hour for work completed in 2025. *See Hickman v. Trans Union LLC*, No. 24-CV-00584-LKG, 2026 WL 1893179 (D. Md. July 1, 2026).

21.    The work I performed in this action drew upon this specialized experience. My time was not limited to routine document preparation. It required the exercise of legal judgment concerning case strategy, factual development, the governing law, the presentation of the record, and the arguments most likely to advance Plaintiff's claims.

22.    Based on the specialized nature of my practice, my responsibility for supervising and reviewing the work of other attorneys, the complexity of federal consumer litigation, my

5

experience litigating these matters, and prior judicial determinations of my lodestar rate, I believe that $500 per hour is a reasonable rate for the services I performed in this action in 2024 and 2025. Due to increased responsibilities and evolution in my experience and expertise, my rate was updated on January 1, 2026, to $550 per hour, which I believe to be reasonable.

23.    I have reviewed the Fee Statement containing attorneys' fees and costs filed concurrently with this affidavit. The entries in the Fee Statement contain an accurate representation of the hours I expended on this case performing the identified tasks. In my opinion, the tasks performed were reasonable and necessary under the circumstances, and the amount of time necessary to perform those tasks was reasonable.

I swear under penalty of perjury that the foregoing is true and correct.

Respectfully submitted this 3rd day of August 2026.

*/s/ Michael Yancey III*
Michael Yancey III