# EXHIBIT G

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| RONALD ALEXANDER GARCIA DELGADO, <br><br> Plaintiff, <br><br> v. <br><br> EXPERIAN INFORMATION SOLUTIONS, INC., <br><br> Defendant. | **Civil Action No.:** 4:24-cv-00637 |

## DECLARATION OF SUSAN M. ROTKIS

I, Susan M. Rotkis, declare as follows:

1.    I am a partner and trial attorney with the Consumer Justice Law Firm ("CJL"), in Tucson and Scottsdale, Arizona, where I have worked since mid-2019. From 2010 through mid-2019, I was an attorney at Consumer Litigation Associates, P.C., (CLA) and from July 2016, I was principal of Consumer Litigation Associates West, PLLC (CLAW) in Arizona. I participated in this case as an attorney who took the deposition of a third-party, Affirm, Inc.

2.    I have worked hard to attain a reputation for integrity and excellence in representing consumers in the federal courts. Since devoting my practice to consumer litigation in 2010, I have represented consumers in over 550 cases in federal courts and numerous other cases in state courts and the occasional arbitration. I have also occasionally represented individuals in the Department of Defense Office of Hearing and Appeals as well as the Social Security Administration.

3.    I was graduated from the Georgetown University Law Center in Washington, D.C. in 1996.

1

4.      I have practiced in the legal profession ever since graduation from law school.

5.      I have exclusively represented consumers since 2010 when I joined Consumer Litigation Associates, P.C. in Newport News, VA. Prior to joining CLA and devoting my practice exclusively to consumer protection, I served in a variety of legal roles that have contributed to my abilities to be effective as a litigator and advocate. Following law school, I clerked for a little over one year for Michael S. McDonald in the Western District of Texas. I served at the elbow of two United States Magistrate Judges for a combined total of almost 8 years.  I clerked for more than six and a half years for Dennis W. Dohnal in the Richmond Division of the Eastern District of Virginia. I served as Legal and Legislative Counsel at the National Center for Missing & Exploited Children for over three years. I was General Counsel and the Corporate Facility Security Officer for Total Immersion Software, Inc., (now Cubic) for over four years. During law school, I was fortunate enough to be permitted to practice as a student attorney representing consumers, tenants, and disability applicants in two different litigation clinics: The Center for Applied Legal Studies and D.C. Law Students in Court.

6.      I am a member in good standing of the Bar of the Supreme Court of Virginia, where I regularly practice law. I am admitted to the bars of the Supreme Court of the United States, the Supreme Court of Arizona, and United States District Courts for Eastern District of Virginia, Western District of Virginia, the District of Columbia, the District of Arizona, the Western District of Michigan, as well as the Fourth Circuit, Ninth Circuit, and Eleventh Circuit Courts of Appeal.

7.      In my prior jobs, I had occasion to become very familiar with the fees charged by attorneys in many different capacities. As general counsel for a National Non-profit and for a government contractor, I became very familiar with the rates charged by law firms in various legal markets as I hired outside counsel to represent my company in litigation, to prosecute patents and

2

trademarks, to assist in intellectual property development, protection and documentation, to value the company, to advise me on employment law, to advise me on international trade in arms regulations, to assist in international transactions, to advise me on lobbying regulations, and to provide enterprise-wide succession planning. In my capacity as a law clerk, I had many occasions to work on fee petitions in cases such as this, though it was over almost 20 years ago.

8.      I periodically teach CLE regarding consumer protection, especially the Fair Credit Reporting Act, Equal Credit Opportunity Act, Federal Civil Procedure, and Class Action litigation.

9.      I am a member of the National Association of Consumer Advocates, the Pima County Bar Association, the American Association for Justice, Public Justice Foundation. I was recognized as an Influential Woman in Virginia by Virginia Lawyers Weekly.  I have been selected as an Arizona, California, and Virginia SuperLawyer.

10.      I have served on various boards and commissions throughout my career. I am currently a director on the boards of the Arizona Center for Law in the Public Interest and Amigos de las Americas.

11.      For purposes of calculating attorneys' fees in this action, I have determined my reasonable hourly rate for my services at $725 per hour.

12.      Although our firm rarely accepts clients on an hourly basis, I have been retained for hourly work by consumers. I last accepted an hourly-paying client in an Arizona state consumer protection case in 2022, which my client agreed to my hourly rate, was billed at that time $500/hour for my work in successfully representing him, and which hourly rate he paid. I have not accepted an hourly client in Virginia in over ten years when I defended an hourly-paying client in a Virginia Circuit Court case, which she agreed to my hourly rate and was billed at $425/hour for my work

3

in successfully defending her. Prior to 2014, I have been engaged to serve as a mediator, where parties agreed to and paid my then-hourly rate of $425/hour more than eleven years ago.

13.    The Consumer Justice Law Firm is solely focused on consumer and worker protection, which is devoted to plaintiff's work on contingency, almost exclusively in fee shifting cases on behalf of consumers and workers in federal courts. The rates established by my firm are reasonable given the expertise and experience of our attorneys, the markets where we practice, and the nature of our practice.

14.    Courts have repeatedly approved my hourly rates in consumer-protection litigation. In 2021, the Eastern District of Virginia approved my fees for work performed in 2019 when my hourly rate was $500/hour. *Reimer v. Bank of America, N.A.*, Civ. No. 3:20CV360-REP (E.D. Va. May 26, 2021). In 2023, the Pima County, Arizona Superior Court approved my fees at an hourly rate of $500/hour in a consumer protection default judgment. *Carrion v. B&C Towing, et al.*, Civ. No. 20234802. In 2026, the Eastern District of Virginia approved an hourly rate of $675/hour for work I performed in 2025. *Doe v. Nationwide Testing Ass'n, Inc.*, 821 F. Supp. 3d 558 (E.D. Va. 2026)

15.    Over time, numerous other courts have also found my rates reasonable or approved fee awards calculated using my rates. *See*, e.g., *Berry v. LexisNexis Risk & Information Analytics Group, Inc., et al*, 3:11cv754-JRS-MHL, 2014 WL 4403524 (E.D.Va. Sept. 2, 2014), *aff'd sub nom., Berry v. Shulman*, 807 F.3d 600, 617 (4th Cir. 2016) ($425/hr); *James v. Experian Info. Sols.*, Civ. No. 3:12CV902-REP (E.D.Va. Oct. 29, 2014), Hr'g Tr. 31:10-17; 83:20-25; 84:1-7 ($400/hr); *see also Goodrow v. Freidman & MacFadyen*, No. 3:11CV20-MHL, Doc. 211 (E.D.Va. June 4, 2014); *Witt v. CoreLogic Saferent, LLC.*, No. 3:18CV386-DJN, Doc. 375 (E.D.Va. Mar. 22, 2018). Courts have also approved class-action fee awards supported by lodestar cross-checks

4

incorporating my rates. *See*, e.g., *Shami v. Middle East Broadcast Network*, No. 1:13CV467-CMH, Doc. 21 (E.D.Va. April 30, 2014); *Roe v. Intellicorp, Inc.*, No. 1:12CV2288-JG, Doc. 139 (N.D. Oh. June 5, 2014); *Reardon v. ClosetMaid, Inc.*, No. 2:08CV1730-MRH, Doc. 220 (W.D. Pa. June 13, 2014); *Soutter v. TransUnion, LLC.*, No. 3:10CV514-HEH, Doc. 57 (E.D. Va. June 4, 2014); *Stinson v. Advance Auto Parts, Inc.*, No. 7:12CV433, Doc. 34 (W.D. Va. Jan. 17, 2014); *Edwards v. Horizon Staffing, Inc.*, No. 1:13CV3002, Doc. 32 (N.D. Ga. Jan. 2, 2015). Since those earlier approvals, I have gained substantial additional experience representing consumers in individual cases, class actions, arbitrations, appeals, and other consumer-protection matters. My current rate reflects that additional experience, the complexity of my practice, the limited availability of experienced consumer-protection counsel, and prevailing market rates for attorneys of comparable skill and experience.

16.    Even though I rarely bill clients on an hourly basis, I nonetheless keep record of hours that I devote to time-consuming tasks for which I must budget resources and time, and anticipate that I may have to demonstrate the reasonableness of the time devoted to litigation of any case. I do not generally track time that is less than 15 minutes. I regularly complete tasks of less than 15 minutes in all my cases, including this one, much of which is quick correspondence, phone calls with opposing counsel, phone calls with the client, administrative work and other communications that can quickly add up.

17.    I believe that I have a reputation for excellence in consumer protection litigation not only in the Eastern District of Virginia and the District of Arizona, mostly earned as part of the team at Consumer Justice and Consumer Litigation Associates where I litigated numerous cases and class actions. *See e.g. Soutter v. Equifax Info. Servs., LLC,* 3:10CV107, 2011 WL 1226025 (E.D. Va. Mar. 30, 2011) ("[T]he Court finds that Soutter's counsel is qualified,

5

experienced, and able to conduct this litigation. Counsel is experienced in class action work, as well as consumer protection issues, and has been approved by this Court and others as class counsel in numerous cases."); *Ryals v. HireRight Sols. Inc.,* No. 3:09CV625 (E.D.Va.), *Daily v. NCO,* No. 3:09CV031 (E.D.Va. 2011); *Conley v. First Tennessee,* No. 1:10CV1247-TSE (E.D.Va.)*; Lengrand v. Wellpoint,* No. 3:11CV333-HEH (E.D.Va.); *Henderson v. Verifications Inc.,* No. 3:11CV514-REP (E.D.Va. 2013); *Reardon v. Closetmaid,* No. 2:08-cv-1730 (W.D. Pa.); *Bell v. U.S. Express, Inc.*, No. 1:11-CV-181 (E.D. Tenn.); *Goode v. First Advantage LNS Screening Solutions, Inc.*, No. 2:11-cv-2950 (E.D. Pa.)*; Henderson v. Verifications Inc.*, No. 3:1l-CV-514 (E.D. Va.); *Pitt v. K-Mart Corp*, 3:11-CV-697 (E.D. Va.); *Stinson v. Advance Auto Parts,* No. 7:12-cv-433 (W.D. Va.); *Ellis v. Swift Transp. Co. of Az.*, No. 3:13-cv-473 (E.D. Va.); *Edwards v. Horizon Staffing, Inc.*, No. 1:13-cv-3002 (N.D. Ga.); *Shami v. Middle E. Broadcasting, Inc.,* No. 1:13-cv-467 (E.D. Va.); *Marcum v. Dolgencorp*, *d/b/a Dollar Gen.*, No. 3:12-cv-108 (E.D. Va.); *Wyatt v. SunTrust Bank*, 3:13CV662 (E.D. Va.); *Henderson v. HRPLus*, No. 3:14cv82 (E.D.Va.); *Henderson v. Backgroundchecks.com*, 3:13CV29 (E.D.Va.); *Henderson v. Acxiom Risk Sols.*, 3:12CV589 (E.D. Va.); *Manuel v. Wells Fargo Bank, Nat'l Ass'n*, No. 3:14-cv-238 (DJN) (E.D. Va.); *Thomas v. First Advantage Screening Solutions, Inc.*, No. 1:13-cv-04161-CC-LTW (N.D. Ga.); *Smith v. Harbor Freight Tools USA, Inc.*, No. 2:13-cv-06262-JFW-VBK (C.D. Cal.); *Roe v. Intellicorp Records, Inc.*, No. 1:12-cv-02288 (N.D. Ohio); *Oliver v. FirstPoint, Inc.*, No. 1:14-cv-517 (M.D.N.C.); *Thomas v. FTS USA LLC*., 3:13CV825-REP (E.D.Va.); *Milbourne v. JRK Res. LLC.*, 3:12CV861-REP (E.D.Va.); *Fariasantos v. Rosenburg & Assocs., LLC*, 3:13CV543 (E.D.Va.).

18.     I have reviewed the Fee Statement containing attorneys' fees and costs filed concurrently with this affidavit. The entries in the Fee Statement contain an accurate representation

6

of the hours I expended on this case performing the identified tasks. In my opinion, the tasks performed were reasonable and necessary under the circumstances, and the amount of time necessary to perform those tasks was reasonable.

I swear under penalty of perjury that the foregoing is true and correct.

Dated: August 3, 2026,                                      By: */s/ Susan M. Rotkis*
                                                            Susan M. Rotkis

7