# EXHIBIT J

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| RONALD ALEXANDER GARCIA DELGADO, | **Civil Action No.:** 4:24-cv-00637 |
| Plaintiff, | **DECLARATION OF ETHAN PRESTON** |
| v. | |
| EXPERIAN INFORMATION SOLUTIONS, INC., | |
| Defendant. | |

I, Ethan Preston, hereby declare as follows:

1.      I have been admitted to practice law in Texas since 2014, and I am currently the Principal at Preston Law Offices located in Dallas, Texas. I was originally admitted to practice law in New Mexico in 2001.

2.      I have a busy litigation practice with practice areas of consumer and telemarketing class actions, consumer credit and debt, and student loans, and other areas. Over my career, I have been appointed lead counsel or co-counsel in numerous class action cases. I have obtained numerous favorable outcomes in my cases, including successful appeals of lower court decisions.

3.      I have been practicing law since I graduated from the Georgetown University Law Center in 2001. I have been a member of the Texas bar since 2014. Since 2007, essentially all of my law practice has been devoted to litigating class actions on behalf of consumers.

4.      A true and accurate copy of my firm resume is attached thereto as Exhibit 1. Since 2009, as the principal of Preston Law Offices, I have acted as lead counsel or co-lead counsel in *Wang v. Asset Acceptance, LLC*, No. 09-4797 (N.D. Cal. Nov. 17, 2011), *DuFour v. Be, LLC*,

1

No. 09-cv-03770 (N.D. Cal. May 20, 2013), *Holmes v. NCO Financial Services, Inc.*, No. 10-2543 (S.D. Cal. June 23, 2014), *Wang v. Bank of America, N.A.*, No. CGC-12-526452 (Sup. Ct. San Francisco Aug. 8. 2014), *Lofton v. Verizon Wireless (VAW) LLC*, No. 13-05665 (N.D. Cal. Jan. 28, 2016), *Meyer v. PYOD, LLC*, No. 37-2014-00008110-CU-BT-NC (Sup. Ct. San Diego Jan. 6, 2017), and was appointed co-lead counsel in the multi-district litigation case, *In re Portfolio Recovery Associates, LLC Telephone Consumer Protection Act Litigation*, No. 11-2295 (S.D. Cal. June 23, 2016).

5.    In support of this declaration, I reviewed the United States Consumer Law Attorney Fee Survey Report from 2017-2018, prepared by Ronald L. Burdge. I understand that the data from this report was collected during 2017 and 2018. Within the report, rates in the Dallas-Fort Worth metropolitan market are reported as $488 per hour for the 75% Median Attorney Rate and $875 per hour for the 95% median rate. United States Consumer Law Attorney Fee Survey Report at 458. One of the attorneys representing the plaintiff in this case, Mr. Ristvedt, informed me that he used the United States Bureau of Labor CPI Inflation Calculator to calculate the effect of inflation on those rates to determine the corresponding rates in June 2026, adjusted for inflation, and that those results were $657 per hour for the 75% Median Attorney Rate (adjusted for inflation) and $1,179 per hour for the 95% Median Attorney Rate (adjusted for inflation).

6.    I am aware that there are a relatively small number of consumer protection litigators representing plaintiffs that regularly take Fair Credit Reporting Act cases to trial. Consumer protection, and the Fair Credit Reporting Act in particular, is a highly specialized field with a small number of practicing attorneys in comparison to many other practice areas. As a result, attorneys who practice in this area, especially attorneys who are successful in this practice

area, commonly can and do bill hourly rates within this range. Additionally, and specific to the Dallas-Fort Worth metropolitan area, consumer protection attorneys who represent plaintiffs commonly can and do bill hourly rates within this range.

7.    I am aware that the attorneys who represented the plaintiff in this matter billed hourly rates ranging from $450 per hour to $950 per hour. In my opinion, these rates are reasonable and in line with rates commonly billed by experienced and successful attorneys in this practice area, including in the Dallas-Fort Worth metropolitan area.

8.    In my experience, it is common for plaintiffs' firms in the Dallas-Fort Worth metropolitan area to bill hourly rates for paralegals at market rates rather than at cost. I understand that the attorneys who represented the plaintiff in this matter have billed hourly rates for paralegals ranging from $150 per hour to $250 per hour. In my opinion, these rates are reasonable and in line with rates commonly billed by plaintiffs' firms in this practice area, including in the Dallas-Fort Worth metropolitan area.

I swear under penalty of perjury that the forgoing is true and correct.

Dated: August 3, 2026,                          By: */s/ Ethan Preston*
                                                Ethan Preston

3

# EXHIBIT 1

# PRESTON/LAW OFFICES

4054 McKinney Avenue, Suite 310/ Dallas, Texas 75204
(972) 564-8340 / (866) 509-1197 / ep@eplaw.us

(July 2025)                                FIRM RÉSUMÉ

Ethan Preston has represented consumers in class actions since 2007, focusing on consumer privacy and unfair trade practices that relate to consumer technology. Mr. Preston has taken substantial leadership roles in many class actions: he was appointed lead counsel or co-lead counsel for certified classes in *Wang v. Asset Acceptance, LLC*, No. 09-4797 (N.D. Cal. Nov. 17, 2011), *DuFour v. Be, LLC*, No. 09-03770 (N.D. Cal. May 20, 2013), *Holmes v. NCO Financial Services, Inc.*, No. 10-2543 (S.D. Cal. June 23, 2014), *Wang v. Bank of America, N.A.*, No. CGC-12-526452 (Sup. Ct. San Francisco Aug. 8, 2014), *Lofton v. Verizon Wireless (VAW) LLC*, No. 13-05665 (N.D. Cal. Jan. 28, 2016), *Meyer v. PYOD, LLC*, No. 37-2014-00008110-CU-BT-NC (Sup. Ct. San Diego Jan. 6, 2017), *In re Portfolio Recovery Associates, LLC Telephone Consumer Protection Act Litigation*, No. 11-md-02295 (S.D. Cal., Jan. 25, 2017), *Addison v. Monarch & Associates, Inc.*, No. 14-358 (C.D. Cal. June 23, 2017), and *Cosio v. International Performing Arts Academy, LLC*, No. CGC-16-551337 (Sup. Ct. San Francisco Sept. 11, 2018).

Representative rulings obtained by Preston Law Offices include *Kuns v. Ocwen Loan Servicing, LLC*, 611 F. App'x 398 (9th Cir. 2015) (reversing dismissal, creditor violated Cal. Civ. Code § 1785.25(a) by reporting deficiency on residential mortgage foreclosure to credit reporting agency without disclosing that deficiency could not be collected legally); *Holmes v. NCO Financial Services, Inc.*, 538 F. App'x 765 (9th Cir. 2013) (reversing summary judgment because defendant had constructive notice to information about plaintiff's dispute of consumer debt in electronic debt service system); *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036 (9th Cir. 2012) (affirming preliminary injunction and class certification under Rule 23(b)(2)); *Greenfield v. Cross River Bank*, No. 21-cv-09296, 2023 WL 4567098 (N.D. Cal. July 17, 2023) (dismissing fraud counterclaims against plaintiff); *Katz v. Liberty Power Corp., LLC*, No. 18-10506, 2021 WL 3616073 (D. Mass. Mar. 29, 2021) (granting motion to compel discovery on defendants' search terms and ESI protocols); *Katz v. Liberty Power Corp., LLC*, No. 18-10506, 2020 WL 3492469 (D. Mass. June 26, 2020) (granting motion to compel, denying motion to quash subpoenas for email headers); *Katz v. Liberty Power Corp., LLC*, No. 18-10506, 2019 WL 4645524 (D. Mass. Sept. 24, 2019) (denying motion to dismiss and for summary judgment in TCPA case based on First Amendment and standing arguments); *Katz v. Liberty Power Corp., LLC*, No. 18-10506, 2019 WL 957129 (D. Mass. Feb. 27, 2019) (motion for protective order prohibiting defendants from obtaining party email via subpoena); *Katz v. Liberty Power Corp., LLC*, No. 18-10506, 2018 WL 4398256 (D. Mass. Sept. 14, 2018) (ordering defendants to implement preservation measures); *In re Portfolio Recovery Associates LLC Telephone Consumer Protection Act Litigation*, No. 11-md-02295, 2017 WL 3575615 (S.D. Cal. Jan. 25, 2017) (enjoining litigation against class

counsel arising from counsel's representation of class in any other court under All Writs Act, 28 U.S.C. § 1651); *Addison v. Monarch & Associates, Inc.*, No. 14-358, 2016 WL 11530424 (C.D. Cal. Nov. 10, 2016) (compelling third party to produce computer for forensic examination); *Addison v. Monarch & Associates, Inc.*, No. 14-358, 2017 WL 10562596 (C.D. Cal. May 8, 2017), *adopted* 2017 WL 10651455, (C.D. Cal. June 23, 2017) (class certification where defendant spoliated records identifying class members); *In re Collecto, Inc., Telephone Consumer Protection Act Litigation*, No. 14-02513, 2016 WL 552459 (D. Mass. Feb. 10, 2016) (denying motion for summary judgment on Telephone Consumer Protection Act); *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276 (N.D. Cal. 2015) (granting motions to compel and sanction defendants); *Wang v. Asset Acceptance LLC*, No. 09-04797, 2010 WL 2985503 (N.D. Cal. July 27, 2010) (denying motion to dismiss Fair Credit Reporting Act claim against furnisher); *DuFour v. Be., LLC*, No. 09-3770, 2009 WL 4730897 (N.D. Cal. Dec. 7, 2009) (granting constructive trust as preliminary injunction); *Lofton v. Bank of Am. Corp.*, No. 07-05892, 2008 WL 2037606 (N.D. Cal. May 12, 2008) (granting discovery motions); and *In re Netflix Antitrust Litigation*, 506 F. Supp. 2d 308 (N.D. Cal. 2007) (ruling consumers have standing to bring *Walker Process* antitrust claims, ordering limited discovery on other elements of antitrust claims).

Mr. Preston received his Bachelor of Arts degree from the Plan II program at the University of Texas at Austin, and his *juris doctor* degree from the Georgetown University Law Center in 2001. Mr. Preston is admitted to practice in California and Texas, and is also admitted to practice before the United States District Court in, e.g., the Northern and Eastern Districts of Texas, all District Courts in California, as well as the United States Courts of Appeals for the Seventh and Ninth Circuits.

Mr. Preston has authored the following law review articles: *Cross-Border Collaboration by Class Counsel in the U.S. and Ontario*, 4 Canadian Class Action Rev. 164 (2007), *The Global Rise of a Duty to Disclose Information Security Breaches*, 22 J. Marshall J. Computer & Info. L. 457 (2004) (with Paul Turner), *Computer Security Publications: Information Economics, Shifting Liability and the First Amendment*, 24 Whittier L. Rev. 71 (2002) (with John Lofton), and *The USA PATRIOT Act: New Adventures in American Extraterritoriality*, 10 J. Fin. Crime 104 (2002).