# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| RONALD ALEXANDER GARCIA DELGADO, | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | Civil Action No. 4:24-cv-637 |
| | § | Judge Mazzant |
| EXPERIAN INFORMATION SOLUTIONS, INC., | § | |
| | § | |
| *Defendant* | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Experian Information Solutions, Inc.'s Rule 50(b) Motion for Judgment as a Matter of Law or in the Alternative Rule 59(a) Motion for New Trial (Dkt. #233). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **DENIED**. Defendant's request for oral argument is **DENIED**.

## BACKGROUND

This is a Fair Credit Reporting Act ("FCRA") case. Plaintiff alleges that Defendant violated 15 U.S.C. § 1681e(b) by mixing Plaintiff's credit file with Plaintiff's son's file (Dkt. #194 at pp. 1–2). The case proceeded to a jury trial. Defendant made a motion for judgment as a matter of law ("JMOL Motion") (Dkt #230 at p. 105). The Court denied the JMOL Motion (Dkt #230 at p. 5). The jury returned a verdict for Plaintiff (Dkt. #219 at p. 1). On July 20, 2026, the Court entered Final Judgment for Plaintiff (Dkt. #219). Defendant filed a Rule 50(b) Motion for Judgment as a Matter of Law or in the Alternative Rule 59(a) Motion for New Trial (Dkt. #233) ("RJMOL Motion"). Plaintiff filed a response (Dkt. #244). Defendant filed a reply (Dkt. #245). Plaintiff filed a sur-reply (Dkt. #246).

## LEGAL STANDARD

### I. Judgment as a Matter of Law

Under Rule 50(a) of the Federal Rules of Civil Procedure:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

FED. R. CIV. P. 50(a)(1). Upon a party's renewed motion for judgment as a matter of law following a jury verdict, the Court should properly ask whether "the state of proof is such that reasonable and impartial minds could reach the conclusion the jury expressed in its verdict." *Am. Home Assurance Co. v. United Space All.*, 378 F.3d 482, 487 (5th Cir. 2004) (citation omitted); FED. R. CIV. P. 50(a). "A JMOL may only be granted when, 'viewing the evidence in the light most favorable to the verdict, the evidence points so strongly and overwhelmingly in favor of one party that the court believes that reasonable jurors could not arrive at any contrary conclusion.'" *Versata Software, Inc. v. SAP Am., Inc.*, 717 F.3d 1255, 1261 (Fed. Cir. 2013) (quoting *Dresser-Rand Co. v. Virtual Automation, Inc.*, 361 F.3d 831, 838 (5th Cir. 2004)).

Under Fifth Circuit precedent, a court should be "especially deferential" to a jury's verdict and must not reverse the jury's findings unless substantial evidence does not support the findings. *Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 499 (5th Cir. 2012). "Substantial evidence is defined as evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions." *Threlkeld v. Total Petroleum, Inc.*, 211 F.3d 887, 891 (5th Cir. 2000) (citation omitted). A motion for judgment as a matter of law must be denied "unless the facts and inferences point 'so strongly and overwhelmingly in the movant's favor that

reasonable jurors could not reach a contrary conclusion.' " *Baisden*, 693 F.3d at 498 (quoting *Flowers v. S. Reg'l Physician Servs. Inc.*, 247 F.3d 229, 235 (5th Cir.2001)). However, "[t]here must be more than a mere scintilla of evidence in the record to prevent judgment as a matter of law in favor of the movant." *Arismendez v. Nightingale Home Health Care, Inc.*, 493 F.3d 602, 606 (5th Cir. 2007) (citation omitted).

In evaluating a motion for judgment as a matter of law, a court must "draw all reasonable inferences in the light most favorable to the verdict and cannot substitute other inferences that [the court] might regard as more reasonable." *E.E.O.C. v. Boh Bros. Constr. Co.*, 731 F.3d 444, 452 (5th Cir. 2013) (citation omitted). However, "[c]redibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (citation omitted). "[T]he court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that the evidence comes from disinterested witnesses.' " *Id.* at 151 (citation omitted).

## II. Rule 59(a) Motion for New Trial

Under Rule 59(a) of the Federal Rules of Civil Procedure, a new trial can be granted to any party to a jury trial on any or all issues "for any reason for which a new trial has heretofore been granted in an action at law in federal court." FED. R. CIV. P. 59(a)(1)(A). "A new trial may be granted, for example, if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985). However,

> [u]nless justice requires otherwise, no error in admitting or excluding evidence—or any other error by the court or a party—is grounds for granting a new trial . . . . At

every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.

FED. R. CIV. P. 61. To be entitled to a new trial, Defendant must show that the verdict was against the great weight of the evidence, not merely against the preponderance of the evidence. *Dresser-Rand Co. v. Virtual Automation, Inc.*, 361 F.3d 831, 838–39 (5th Cir. 2004); *Shows v. Jamison Bedding, Inc.*, 671 F.2d 927, 930 (5th Cir. 1982). A jury verdict is entitled to great deference. *Dresser-Rand Co.*, 671 F.2d at 839. "Weighing the conflicting evidence and the inferences to be drawn from that evidence, and determining the relative credibility of the witnesses, are the province of the jury, and its decision must be accepted if the record contains any competent and substantial evidence tending fairly to support the verdict." *Gibraltar Savings v. LDBrinkman Corp.*, 860 F.2d 1275, 1297 (5th Cir. 1988).

## ANALYSIS

### I. Defendant's Rule 50(b) Renewed Motion for Judgment as a Matter of Law

Defendant argues in its RJMOL Motion that Plaintiff failed to provide evidence to support the jury's economic and emotional distress damages findings (Dkt. #233 at p. 12).

#### A. Waiver

Plaintiff first argues Defendant waived its RJMOL Motion arguments (Dkt. #244 at p. 8). The Court begins with this preservation issue. "'Any argument made in a renewed motion for judgment as a matter of law under Rule 50(b) must have been previously made in a motion for judgment as a matter of law under Rule 50(a).'" *Innovation Scis., LLC v. Amazon.com, Inc.*, No. 4:18-cv-474, 2021 WL 2075677, at *5 n.4 (E.D. Tex. May 24, 2021), *aff'd*, No. 2021-2111, 2022 WL 2824675 (Fed. Cir. July 20, 2022) (quoting *OneBeacon Ins. Co. v. T. Wade Welch & Assocs.*, 841 F.3d 669, 767 (5th Cir. 2016)). Consequently, "[i]f a party fails to move for judgment as a matter of law

under Federal Rule of Civil Procedure 50(a) on an issue at the conclusion of all of the evidence, that party waived both its right to file a renewed post-verdict Rule 50(b) motion and also its right to challenge the sufficiency of the evidence on that issue on appeal." *Flowers v. S. Reg'l Physician Servs. Inc.*, 247 F.3d 229, 238 (5th Cir. 2001) (internal citations omitted); *see also In re Isbell Records, Inc.*, 774 F.3d 859, 867 (5th Cir. 2014) ("Since a Rule 50(b) motion is 'technically only a renewal of the Rule 50(a) motion for judgment as a matter of law . . . it cannot assert a ground that was not included in the original motion.'") (quoting *Mozingo v. Correct Mfg. Corp.*, 752 F.2d 168, 172 (5th Cir. 1985)). The Court typically needs to inquire into "whether the evidence and law supporting the pre-submission challenge are the same as the evidence and law supporting the post-judgment challenge." *Taylor Publ'g Co. v. Jostens, Inc.*, 216 F.3d 465, 473 (5th Cir 2000) (citations omitted).

As relevant here, in Defendant's JMOL Motion, Defendant argued:

> Additionally, we would move in terms of meeting actual damages. There's – there's not sufficient evidence that would give this to the jury related to actual damages in this case. The only denials that we have are either based on TransUnion's reporting or the denials, in fact, were incomplete applications. And then as it relates to emotional distress here, Plaintiff himself never made any comments about emotional distress. So that leads the question of what could the damages be here that are sufficient to – to make this a jury question? They haven't made any essential elements of their claim.

(Dkt #230 at p. 105). As to economic damages, Defendant's RJMOL Motion argues Plaintiff failed to provide any evidence of out-of-pocket expenses (Dkt. #233 at p. 13).[1] These motions relate to the same legal claim, FRCA § 1681e(b), the only legal claim that proceeded to trial (Dkt. #188 at p. 1). As to the evidence, the JMOL Motion challenged Plaintiff's ability to

[1] Defendant attempts to provide "context" for its JMOL Motion by noting that the Court told the jury the motions "may take a little more than 15 minutes" (Dkt. #245 at p. 3). The Court need not consider this "context" because it concludes Defendant did not waive its RJMOL arguments.

"meet actual damages" (Dkt #230 at p. 105). The RJMOL Motion challenges Plaintiff's ability to prove his economic damages (Dkt. #233 at p. 13). So, both motions challenge Plaintiff's evidence supporting the jury's economic damages award. Thus, Defendant did not waive its economic damages argument.

Defendant also argues there was no evidence of emotional distress damages (Dkt. #233 at p. 15). Plaintiff again argues waiver, asserting Defendant waived the RJMOL Motion's argument as to lack of corroborating testimony (Dkt. #244 at p. 17–19). However, to defeat Defendant's JMOL Motion, Plaintiff needed to provide evidence of emotional distress damages. While Plaintiff could provide testimony directly from Plaintiff, Plaintiff could also provide evidence of corroborating testimony or the "observations of others." *Bacharach v. Suntrust Mortg.*, *Inc.*, 827 F.3d 432, 436 (5th Cir. 2016) (per curiam) (citing *Cousin v. Trans Union Corp.*, 246 F.3d 359, 371 (5th Cir. 2001)). So, both motions challenge Plaintiff's evidence supporting the jury's emotional distress damages award. Thus, Defendant did not waive its RJMOL Motion's arguments.

**B. Economic Loss Damages**

Regardless of whether Defendant waived its economic damages argument, there is sufficient evidence to support the jury's economic damages award. Plaintiff argues a creditor's denial based on an erroneous report is sufficient damages evidence even without additional evidence of out-of-pocket damages (Dkt. #244 p. 16). A plaintiff must provide evidence for the jury to rely on in assessing economic damages. *See Pinner v. Schmidt*, 805 F.2d 1258, 1265 (5th Cir. 1986) (per curiam) (holding there was "no evidence" of out-of-pocket expenses after plaintiff was denied credit). In June 2024, Plaintiff obtained vehicle financing at a "high cost," needing to put $6,000 down (Dkt. #227 at p. 126). Plaintiff obtained $15,357 in vehicle financing from GM

Financial (Dkt. #228 at p. 39). Ally Financial accessed Plaintiff's erroneous report on June 10, 2024, providing evidence linking this financing to Defendant's erroneous report (Dkt. #215–5 at p. 4–5). The Court is persuaded that the amount of economic damages the jury awarded is sufficiently supported by the evidence admitted at trial. *See Smith v. Santander Consumer USA, Inc.*, 703 F.3d 316 at 318 (5th Cir. 2012) (per curiam) (affirming finding that plaintiff refinancing home mortgage and suffering "an increased interest rate because of his erroneous credit rating" was sufficient evidence of damages). Therefore, Defendant's argument as to economic damages is **DENIED** on these grounds.

### C. Emotional Distress Damages

Regardless of if Defendant waived any part of its RJMOL Motion argument, Plaintiff's own testimony provided sufficient evidence of emotional distress damages. Under the FCRA, a plaintiff can recover "for humiliation and mental distress." *Bacharach*, 827 F.3d at 435-36 (quoting *Sapia v. Regency Motors of Metairie, Inc.*, 276 F.3d 747, 753 (5th Cir. 2002). An emotional distress claim "requires a 'degree of specificity' and 'must be supported by evidence of genuine injury.'" *Id.* at 436 (quoting *Cousin*, 246 F.3d at 371). Emotional distress damages do not always require "medical evidence or corroborating testimony in addition to [Plaintiff's] own testimony." *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998).

In *Bacharach*, the Fifth Circuit held testimony that a plaintiff was "a complete wreck" who "had seen a number of medical professionals due to her 'anxiety and stress'" was not evidence supporting emotional distress damages. *Bacharach*, 827 F.3d at 436. In *Cousin*, the Fifth Circuit vacated an emotional distress award when Plaintiff testified he was upset, angry, felt like "nobody was listening," and felt like "being trapped inside of something that [he] [could not] get out of." *Cousin*, 246 F.3d at 371. However, the Fifth Circuit has also held that a plaintiff's testimony "that

he was embarrassed and humiliated about the credit denials . . . should support an award of some damages." *Pinner v. Schmidt*, 805 F.2d 1258, 1265 (5th Cir. 1986).

Plaintiff provided evidence of his specific conduct as required under *Bacharach* and *Cousin*. *Bacharach*, 827 F.3d at 436; *Cousin*, 246 F.3d at 371. Plaintiff testified that he was scared because Pablo Motors said he had two unpaid credit cards (Dkt. #227 at p. 111). After seeing this, he took the specific acts of purchasing his report and calling Defendant (Dkt. #227 at pp. 111–17). Plaintiff also testified he was frustrated because he went to Nebraska Furniture Mart and could not purchase furniture (Dkt. #228 at p. 61). Plaintiff's life was degrading and hard because he lived without furniture (Dkt. #227 at p. 107). He felt sadness because of his and his wife's living conditions, including needing to eat on the floor (Dkt. #227 at p. 107). The Court is persuaded that the amount of emotional distress damages the jury awarded is sufficiently supported by the evidence admitted at trial.

Defendant also argues Plaintiff provided no evidence that Defendant caused the emotional distress damages (Dkt. #233 at p. 8). As to causation, there was sufficient evidence for the jury to conclude Plaintiff's credit denial at Pablo Motors and subsequent fear was due to Defendant's erroneous report (Dkt. #227 at p. 111). There was also sufficient evidence for the jury to conclude the Nebraska Furniture Mart credit denial was due to Defendant's reporting error (Dkt. #228 at p. 92).[2] Finally, there was sufficient evidence for the jury to conclude Plaintiff's

[2] Plaintiff also cites his testimony that he felt embarrassment because he brought his son into the home (Dkt. #227 at p. 108). However, Defendant is correct that this occurred in October 2023, months before the Nebraska Furniture Mart denial, and therefore cannot support Plaintiff's emotional distress damages (Dkt. #227 at p. 108). Regardless, the Court is persuaded that the amount of emotional distress damages the jury awarded is sufficiently supported by the evidence admitted at trial.

emotional distress due to living without furniture would extend to the period of time after Nebraska Furniture Mart denied him credit. Therefore, Plaintiff provided sufficient causation evidence.

Defendant also argues there is insufficient corroboration evidence because Plaintiff's corroborating witness testimony is unspecific (Dkt. #233 at p. 16). The "observations of others" and "corroborating testimony" are both potential categories of evidence that can support an FCRA emotional distress claim. *Bacharach*, 827 F.3d at 436 (citing *Cousin*, 246 F.3d at 371). In *Picou*, the Fifth Circuit held that a spouse's testimony that a plaintiff was "very upset and distraught" was conclusory and therefore not evidence of emotional distress. *Picou v. City of Jackson, MS*, 48 F. App'x 102, 2002 WL 31016468 at *4, *5 (5th Cir. 2002) (unpublished opinion). Here, Plaintiff's wife testified that Plaintiff was serious, sad, and worried (Dkt. #227 at p. 30). This is similar to the testimony the Fifth Circuit held was conclusory and therefore is no evidence of emotional distress damages. *See Bacharach*, 827 F.3d at 436. The Court concludes that this testimony is not evidence of emotional distress damages.

However, Plaintiff relies on additional corroborative testimony relating to Plaintiff's specific acts. Plaintiff's wife testified that Plaintiff did not explain their financial situation to her to protect her (Dkt. #227 at p. 30).[3] She also testified that they lived without furniture, corroborating Plaintiff's reasons for feeling his emotional distress (Dkt. #227 at p. 30–31). This evidence of Plaintiff's conduct, corroborated by Plaintiff's wife's testimony, supports the jury's damages

[3] Plaintiff also attempts to rely on Plaintiff's son's testimony (Dkt. #226 at p. 21). Plaintiff's son testified about how his father used to be "like a lion," but when living without furniture he was "like a cat." (Dkt. #226 at p. 143). Plaintiff's son's testimony lacks specificity and is conclusory, as it does not "show the nature and extent of the actual emotional harm." *Bacharach*, 827 F.3d at 436. Plaintiff argues Defendant relies on documents that are not in evidence (Dkt. #244 at p. 21). Because the Court concludes Plaintiff's son's testimony is no evidence, without relying on this evidence, the Court need not consider this argument.

award. *Cousin,* 246 F.3d at 371. For these reasons, Defendant's Renewed Motion for Judgment as a Matter of Law is **DENIED** on these grounds.

Finally, Defendant requests a remittitur in a footnote, only citing *Pinner* (Dkt. #233 at p. 17 n.11).[4] The *Pinner* court analyzed damages under the "'maximum recovery rule' . . . which permits reduction of the verdict only to the maximum amount the jury could properly have awarded." *Pinner v. Schmidt*, 805 F.2d at 1265 (citing *Keyes v. Lauga,* 635 F.2d 330 (5th Cir. 1981). The maximum recovery rule "essentially provides that we will decline to reduce damages where the amount awarded is not disproportionate to at least *one factually similar case* from the relevant jurisdiction." *Lebron v. U.S.*, 279 F.3d 321, 326 (5th Cir. 2002) (quoting *Douglass v. Delta Air Lines, Inc.*, 897 F.2d 1336, 1344 (5th Cir. 1990). In *Pinner*, the Fifth Circuit remitted plaintiff's compensatory damages to $25,000 in 1986. *Pinner*, 805 F.2d at 1266. Plaintiff argues that adjusting for inflation, $25,000 is $77,800.09 in July 2026, when this case was tried. (Dkt. #244 at p. 18 n.4). The jury awarded $75,000 here (Dkt. #219 at p. 2). Defendant offers no reason the maximum amount should be lower here (Dkt. #233 at p. 17 n.11). Therefore, Defendant's Renewed Motion for Judgment as a Matter of Law is **DENIED** on these grounds.

## II. Defendant's Motion for New Trial

Defendant also argues it is entitled to a new trial because the Court should have instructed the jury to consider Plaintiff's failure to mitigate his emotional distress damages (Dkt. #233 at p. 17). Defendant requested a jury instruction that Plaintiff had a duty to mitigate "any item of damage which he could have avoided through reasonable effort," (Dkt. #186 p. 67). The Court rejected this instruction (Dkt. #230 at p. 107). The Court instead instructed the jury

[4] Defendant repeats this request in its Reply, again in a footnote citing only *Pinner* (Dkt. #245 at p. 8 n.8).

that "[y]ou should not consider mitigation of damages when assessing an award of emotional distress damages, if any," (Dkt. #213 at p. 12).

The Court must first discuss the Fifth Circuit's reasoning in *Equal Employment Opportunity Commission v. SkyWest Airlines, Inc.*, 181 F.4th 536 (5th Cir. 2026). In *SkyWest*, the Fifth Circuit discussed whether there is a duty to mitigate emotional distress damages under Title VII. *Id.* at 543. The Fifth Circuit first discussed the statutory text of Title VII. *Id.* Title VII allows a plaintiff to recover compensatory damages. *Id.* (citing 42 U.S.C. § 1981a(a)(1), (b)(3)). Under a different provision, a plaintiff can also recover backpay. *Id.* (citing §§ 1981a(b)(2), 2000e-5(g)(1)). This backpay provision "explicitly excludes the amount a plaintiff could have made 'with reasonable diligence' to mitigate losses." *Id.* (citing § § 1981a(b)(2), 2000e-5(g)(1)). The Fifth Circuit read these provisions as a whole. *Id.* The Fifth Circuit concluded that because there was a mitigation provision for backpay, and none for emotional distress damages, Congress did not intend to include a mitigation provision limiting emotional distress damages. *Id.*

Without textual support for a duty to mitigate, the Fifth Circuit then discussed whether the duty to mitigate emotional distress damages is a well-established common-law principle. *Id.* If a principle is well established, courts can "take it as given that Congress has legislated with an expectation that the principle will apply except when a statutory purpose to the contrary is evident." *Id.* (citing *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 108 (1991)). The Fifth Circuit concluded that there is no well-established common-law principle that a plaintiff has a duty to mitigate emotional distress damages. *Id.* at 545. The Fifth Circuit further concluded that this principle was not well established when Congress adopted Title VII's compensatory damages provision in 1991. *Id.*

Unlike Title VII, the FCRA does not have an analogous mitigation provision elsewhere in the statute. So, the Court cannot rely on the *SkyWest* opinion's reasoning reading the statue as a whole. However, like Title VII, FCRA § 1681*o* does not have a textual requirement that a plaintiff must mitigate compensatory damages. *See* 15 U.S.C. § 1681*o*; *see Garcia v. Equifax Info. Servs., LLC*, No. 8:22-cv-1987-WFJ-UAM, 2024 WL 2293042 (M.D. Fla. May 21, 2024). Without textual support for a duty to mitigate, the Court must rely on the common law to identify any duty to mitigate emotional distress damages as the *SkyWest* opinion did. *SkyWest*, 181 F.4th at 543-44.

Defendant agrees that Congress enacted the FCRA and "relevant text concerning damages" in 1970 (Dkt. #245 at p. 11). 15 U.S.C. § 1681*o*. If there was no well-established common law principle in 1991, there could not be a well-established common law principle in 1970. So, the Court cannot assume Congress intended to apply a common law duty to mitigate emotional distress damages to the FCRA based on "well-established common-law principles." *SkyWest*, 181 F.4th at 545. Instead, the Court was correct to refuse Defendant's mitigation instruction.[5] For these reasons, Defendant's Motion for New Trial is **DENIED** on these grounds.

[5] In its Reply, Defendant argues the mitigation decisions Plaintiff should have made were different from the mitigation discussed in *SkyWest* (Dkt. #245 at p. 9). Defendant argues its mitigation evidence was focused on preventing "the underlying source" of the emotional harm, whereas the *SkyWest* opinion focuses on mitigating damages with therapy or medication (Dkt. #245 at p. 9). However, Defendant still ultimately argues the jury should have been instructed to consider mitigation of emotional distress damages, which would have been improper.

## CONCLUSION

It is therefore **ORDERED** that Defendant Experian Information Solutions, Inc.'s Rule 50(b) Motion for Judgment as a Matter of Law or in the Alternative Rule 59(a) Motion for New Trial (Dkt. #233) is hereby **DENIED.**

**IT IS SO ORDERED.**

**SIGNED this 14th day of October, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE